1

2 **UNITED STATES DISTRICT COURT**

3 **NORTHERN DISTRICT OF ILLINOIS**

4

5 SEOAN MARLER,                                    )
                                                  )
6        Petitioner,                              )
                                                  )
7 v.                                              )    Case Number: 08 CV 3077
                                                  )
8 UNITED STATES DEPARTMENT OF                     )    JUDGE COAR
9 HOMELAND SECURITY, CITIZENSHIP                  )    Magistrate Judge Ashman
  AND IMMIGRANT SERVICES,                         )
10 GERARD HEINAUER, in his official               )
   capacity as Acting Director of the             )
11 NEBRASKA SERVICE CENTER OF US                  )
   CIS, MICHAEL B.MUKASEY, Attorney               )
12 General of the  United States, MICHAEL         )
13 CHERTOFF, Secretary of the Department          )
   of Homeland Security, and the UNITED           )
14  STATES OF  AMERICA,                           )
                                                  )
15        Respondents.                            )
                                                  )
16                                                )

17        **FIRST AMENDED PETITION FOR DECLARATORY RELIEF**

18        NOW COMES the Petitioner, SEOAN MARLER, by and through her attorneys,

19 CARPENTER & CAPT, CHARTERED, and Petitions this Court for a Declaratory Order

20 against Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES

21 (USCIS) directing that it Reopen the Petition filed on October 9, 2007 designating Plaintiff

22

23 as the Beneficiary. Petitioner states the following in support of this Petition:

24

Carpenter    &    Capt,
Chtd.                    25
53 W. Jackson
Suite 1752
Chicago, IL  60604       26
(312) 803-5110
                         27

1

1

## New Facts Upon Which this Amended Petition is Predicated

2

3      This Amended Petition seeks Declaratory Relief for the reopening and issuance of a

4      Request for Additional Evidence by the U.S. CIS, rather than an outright denial that

5      currently exists with respect to the Petition at issue in this action. A brief summary of

6      the facts subsequent to the filing of the original petition follows.

7          The original Petition in this matter was grounded in mandamus, and sought the

8      immediate adjudication of the I-140 filed by the University of Chicago on behalf of

9      Seoan Marler. The government acted on the I-140 Petition after this action was filed

10     and served, by issuing a denial of the petition. That denial, as discussed *infra*, contained

11     at least one significant factual error, and was issued without the benefit of first issuing a

12     Request for Evidence (hereinafter "RFE"), as established policy set forth in agency

13     memoranda mandated.

14

15         The denial is attached hereto as Ex. 1. It is predicated on several alleged deficiencies

16     in the posting element of the labor certification application. Specifically, the denial first

17     concludes that the posting was done for nine business days rather than the ten required

18     by 20 CFR Sec. 656.10. Next, the fact that a wage range, the lower parameter of which

19     was less than the prevailing wage, rendered the posting deficient. Last, the denial states

20     that the posting was not done between 30-180 days before the petition was filed. This

21     last ground for issuing the denial was factually incorrect.

22

23         The adjudicator likely relied on calendar dates, rather than counting the calendar

24     days. Had he or she endeavored to count the days, it would have become apparent that

25     the posting was done 179 days before the filing of the petition. *See* printout from

26

27

Carpenter & Capt, Chtd.
53 W. Jackson
Suite 1752
Chicago, IL 60604
(312) 803-5110

Amicus© Case Management Software showing 179 days had elapsed from the first date of the posting, attached as Ex. 2.

The denial cites to 8 C.F.R. 103.2(b)(8), but ignores the memoranda that address denials without the issuance of RFEs in the context of Schedule A, second preference employment-based (hereinafter EB-2) visas. The denial, in *dicta*, questions whether the petition and the accompanying evidence meets the standard of exceptional ability, though explicitly refrains from deciding the case on that basis. The denial is premised wholly on the deficient posting.

The propriety of the denial with respect to the posting is not a necessary discussion, or a theory of the case. The Petitioner concedes, for the purposes of this action, that the posting was deficient. Petitioner's cause of action is predicated in whole on the propriety of a straight denial from the U.S. CIS without the benefit of an RFE allowing the Petitioner to repost the allegedly deficient posting as has now been done in the case. *See* new posting materials, attached hereto as Gr. Ex. 3.

The most recent policy memorandum issued by the U.S. CIS is from September 23, 2005. It is attached as Ex. 4 hereto. Exhibit 4 states that it will appear in the *Adjudicator's Field Manual* as part of an upcoming and completely revised Chapter 22, and characterizes the information as "critical".  The memorandum is broken down into different sections, depending on the filing date of the "petition", presumably referring to the I-140. Section (2) of the memorandum, starting on page 3 of the document, would appear to govern this case, as it speaks to petitions "filed on or after March 28, 2005", which is true for Petitioner's I-140.

Carpenter    &    Capt,
Chtd.
53 W. Jackson
Suite 1752
Chicago, IL  60604
(312) 803-5110

3

1
2   The aforementioned section states as follows with respect to one facet of a deficient

3   notice:

4       *Pursuant to 20 CFR 656.10(d)(3)(iv), such notice must be posted between <u>30
        days and 180 days prior to the filing of the Form I-140 petition</u>. The last day
5       of the posting must fall at least 30 days prior to the filing in order to provide
        sufficient time for interested persons to submit, if they so choose,
6       documentary evidence bearing on the application. Adjudicators should deny
        the Form I-140 and any concurrently filed I-485 in instances where the
7       notice was not posted between 30 and 180 days prior to the filing of the
        petition.* (underline in original).
8

9   This section of the memo speaks to the situation at bar with respect to it being filed

10  after March 28, 2005, it only speaks to one deficiency justifying an outright denial, and

11  that is when the posting was not posted between 30-180 days prior to the filing of the

12  I-140. This deficiency, though alleged, was not present here, as the posting was first

13
14  posted 179 days prior to the filing of the petition.

15  Plaintiff filed a Motion to Reopen, Reconsider, or in the alternative, an Appeal to

16  the AAO (the Administrative Appeals Unit of the CIS) on August 14, 2008 prior to the

17
    statutory limitation of 33 days on filing such an action expired. *See* 8 CFR 103.5. The
18
    copy of the packet for the Motion is attached hereto as Gr. Ex. 5. The receipt notice for
19
20  the I-290B is also attached as Ex. 6.

21              **<u>STATEMENT OF THE CASE</u>**

22                  **<u>Jurisdiction</u>**

23

24  1.   The Agency Procedures Act (hereinafter "APA") provides that "a person suffering

25  legal wrong because of agency inaction, or adversely affected or aggrieved by

26  agency actions within the meaning of the relevant statute, is entitled to judicial

27
                        4

Carpenter    &    Capt,
Chtd.
53 W. Jackson
Suite 1752
Chicago, IL  60604
(312) 803-5110

review thereof." 5 U.S.C. §702. The APA also requires the government to act within a reasonable amount of time. 5 U.S.C. §555(b).

2. General federal question jurisdiction pursuant to 28 U.S.C. §1331 also provides jurisdiction for this Court to review the question at hand.

3. APA §701(a) establishes a narrow exception to the general rule that agency actions are reviewable. This exception exists by virtue of the following language, "This chapter [providing guidelines for judicial review of agency action] applies…except to the extent that…agency action is committed to agency discretion by law." APA §701(a). The United States Supreme Court has held that this provision "is applicable in those rare instances where statutes are drawn on such broad terms that in a given case there is no law to apply." Heckler v. Chaney, 470 U.S. 821, 830 (1985). The Court made it clear that APA §701(a) applies in situations where there is "no meaningful standard against which to judge the agency's exercise of discretion" and therefore "it is impossible to evaluate agency action for abuse of discretion." Id. So long as there is a "meaningful standard" for evaluating an agency's exercise of discretion, APA §701(a) should not preclude judicial review.

4. Petitioner need not first challenge this denial at the administrative level in order to satisfy the exhaustion of remedy doctrine because the agency's own rules do not allow her to do so personally. See 8 CFR 103.3(a)(1)(iii)(B).  Specifically, the regulation requires an appeal or Motion to Reopen to only be filed by the employer signing the I-140 petition. Such an appeal has been filed. See Gr. Ex. 5. The purpose of the exhaustion doctrine is to avoid premature interruption of the administrative

Carpenter & Capt, Chtd.
53 W. Jackson
Suite 1752
Chicago, IL 60604
(312) 803-5110

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

process and to allow the administrative agency to fully develop the factual record upon which decisions should be based. This allows Agencies to exercise this particular expertise and increase the efficiencies of the administrative process while respecting the autonomy of the agency by allowing it to discover and correct its own errors. *See* McKart v. U.S., 395 U.S. 185, 194-5 (1969). None of these policies are served by applying the exhaustion doctrine to the facts at hand because it would be futile for Ms. Marler to file an appeal or Motion to Reopen with the agency personally. Exhaustion is not required where an appeal will be futile or if the time required for an appeal would result in "irreparable injury." Gonzalez v. O'Connell, 355 F.3d 1010, 1015-18 (7th Cir. 2004). The exhaustion doctrine does not apply where the agency is not provided any review procedures or any adequate review procedures for an administrative review. *See* Alcaraz v. INS, 384 F.3d 1150, 1160 (9th Cir. 2004) (where there is no statutory right to review Respondent's repapering argument, the failure to exhaust discretionary remedy even if regulatory, such as a Motion to Reopen, is not jurisdictional). Ultimately, the decision may be considered prudential and not jurisdictional, and is "intensely practical" and "attention is directed to both the nature and claim presented and the characteristics of the particular administrative procedure provided." Madigan at 1087.

The United States Supreme Court has recognized three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion: (1) where there is undue prejudice because of an unreasonable or indefinite time frame for administrative action, or the person will

Carpenter & Capt, Chtd.
53 W. Jackson
Suite 1752
Chicago, IL 60604
(312) 803-5110

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

suffer irreparable harm even if it is completed in a reasonable time; (2) where there is some doubt as to the agency's power to grant the effective relief; or (3) where the administrative body is biased or has otherwise predetermined the issue so that administrative review would be futile. Madigan at 1087-88. All three exceptions militate a finding that exhaustion is not required in this particular set of facts because the AAO will take nearly one year to decide this issue if it even entertained the issue in light of the fact that the University of Chicago has not and will not file Form G-28 as a matter of University policy. The regulations therefore prescribe that Ms. Marler cannot sustain her own appeal, despite her having standing as discussed *supra*. Finally, the agency has clearly determined that she is not entitled to sustain an appeal or Motion to Reopen by virtue of promulgating its regulations prescribing this bar.

5.    Furthermore with respect to the mandamus count herein, the Seventh Circuit has held that INA §242(a)(2)(B)(i) does not divest courts' jurisdiction in cases where no actual decision has been made on the merits. Iddir v. INS, 301 F.3d 492, 497 (7th Cir. 2002). The Iddir Court held that the aforementioned section of the INA "only bars reviews of actual discretionary decisions to grant or deny relief under the enumerated sections." Id. The Iddir Court further adopted and cited language from another court which held that, "Plaintiff is not seeking review of a decision or action, which would be barred, but is seeking remediation of the lack of action, which is not barred." Id. at 498 (*Citing* Nyaga v. Ashcroft, 186 F. Supp. 2d 1244, 1250-53 (N.D. Ga. 2002) (Aff'd Nyaga v. Ashcroft, 323 F.3d 906 (11th Cir. 2003);

Carpenter  &  Capt, Chtd.
53 W. Jackson
Suite 1752
Chicago, IL  60604
(312) 803-5110

7

1

2     *See also* <u>El-Khader v. Monica</u>, 366 F.3d 562, 563, note. 3, (7th Cir. 2004) (where the

3     Seventh Circuit held that "INS's **final decision**…[was] precluded from judicial

4     review pursuant to §1252(a)2)(B)(ii)(emphasis added)). Even though the case at

5     issue involves a Motion to Reopen and not an application for adjustment of status,

6     the reasoning of <u>Iddir</u> should still apply. Petitioner is not challenging a decision to

7     deny relief itself under the mandamus count, but rather is challenging the Service's

8     delay in immediately adjudicating that Motion because of the urgency of reopening

9     the matter without delay. The relief sought is therefore not discretionary and is in

10    fact, by definition, a mandatory duty to adjudicate. *See* <u>Iddir</u> at 497-498.

11

12                                          **Venue**

13    6.    Pursuant to 28 U.S.C. §1391(e), as amended, provides that in a civil action in which

14          each defendant is an officer or employee of the United States in any agency thereof

15          acting in his official capacity, or under color of legal authority or that of any agency

16          of the United States, the action may be brought in any judicial district in which any

17          defendant resides. Defendants maintain an agency presence in Chicago, and

18

19          Petitioner resides here as well.

20                                       **The Parties**

21

22    7.    Seoan Marler is the beneficiary of the pending I-140 application through the

23          University of Chicago, and the applicant for adjustment of status. The United States

24          Citizenship and Immigration Service's Nebraska Service Center is the office that is

25          in possession of the pending I-140. Michael B. Mukasey, Attorney General, is a

26          named party pursuant to Federal Rule of Civil Procedure 4. A standing is

27

Carpenter & Capt,
Chtd.
53 W. Jackson
Suite 1752
Chicago, IL 60604
(312) 803-5110

8

1 established where a party shows, (1) that she has actual injury or will suffer actual

2 injury as a result of the Defendant's actions; (2) that the injury "fairly can be traced

3 to the challenged actions"; and (3) "is likely to be redressed by a favorable

4 decision." Valley Forge Christian College v. Americans United for Separation of

5 Church and State, Inc., 454 U.S. 464, 472 (1982). Prudential considerations also

6 govern standing. This includes the need for a plaintiff to assert her own rights and

7 not simply generalized grievances. See Etuk v. Slattery, 936 F.2d 1433, 1440-41 (2nd

8 Cir. 1991). Prudential standing also requires that the interests a litigant seeks to

9 protect must be "arguably within the zone of interests to be protected or regulated

10 by the statute…in question." National Credit Union Administration v. First National

11 Bank and Trust Co., 118 S.Ct. 927, 933 (1998). (quoting Data Processing). This

12 Court has determined that a beneficiary of a labor certification and employment-

13 based visa petition has the requisite standing to bring an action notwithstanding

14 agency rules requiring an employer file an administrative appeal for a denial in this

15 realm. Stenographic Machines, Inc. v. Regional Administrator for Employment and

16 Training, 577 F.2d 521 (7th Cir. 1978).

**COUNT I: APA ACTION FOR FAILURE OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY'S CITIZENSHIP AND IMMIGRANT SERVICES DIVISION, NEBRASKA SERVICE CENTER, TO PROPERLY ADJUDICATE PETITIONER'S I-140 THROUGH THE UNIVERSITY OF CHICAGO BY ISSUING A NOTICE OF INTENT TO DENY RATHER THAN AN OUTRIGHT DENIAL.**

8. APA actions can be used to challenge CIS policies that violate statutes and

regulations. This includes actions for abuses of discretion where an agency denies a

permanent residency application. See Bangura v. Hansen, 434 F.3d 487, 500-03 (6th

Carpenter & Capt, Chtd.
53 W. Jackson
Suite 1752
Chicago, IL 60604
(312) 803-5110

9

Cir. 2006) where the Court allowed an APA action challenging the denial of an I-130 petition, but ultimately sustained the decision because of alleged marriage fraud). The issue at hand here is whether the government disregarded its own internal memoranda prescribing that an outright denial should only be issued where the 30-180 day posting rule was violated. Here, it was not violated, yet a denial was issued before a Notice of Intent to Deny ("NOID") was issued. Historically, the U.S. CIS has acknowledged that re-posting in an EB-2 Schedule A case should be an opportunity afforded to an I-140 petitioner because re-posting would not compromise the underlying recruitment efforts. This is because the process does not require labor certification with the U.S. Department of Labor. *See* American Immigration Lawyer's Association posting regarding this policy, attached as Ex. 7. The position has been re-posted, and a Motion to Reopen filed, commensurate with this long-standing policy of the U.S. CIS. *See* Gr. Ex. 3.

9.     The agency's operating instructions and statements have been held to confer procedural rights even if they do not offer substantive rights. Pasquini v. Morris, 700 F.2d 658 (11th Cir. 1983); Zhang v. Slattery, 840 F. Supp. 292(S.D.N.Y. 1994); Morton v. Ruiz, 415 U.S. 199, 234 (1974). General statements of policy, however, are exempt from the APA notice and comment requirements, but those are not at issue in this particular case. *See* Chen Zhau Chai v. Carroll, 48 F.3d 1331, 1340-41 (4th Cir. 1995).

10.     The U.S. CIS in this particular case issued a decision without affording the petitioner an opportunity to cure the perceived deficiencies in the posting as a clear

Carpenter & Capt, Chtd.
53 W. Jackson
Suite 1752
Chicago, IL 60604
(312) 803-5110

10

retribution to her initial petition for mandamus relief. Instead of addressing the

merits of this exceptional ability petition for a person whose talents are being used

to further finding a cure for child epilepsy, the government would rather play games

with the process by issuing a denial in a situation where that clearly would not have

happened absent litigation. This Court should not allow this aberration from

established policy, nor should it accept any of the government's representations that

a denial was issued in the ordinary course of procedure where the record establishes

otherwise.

## COUNT II: FAILURE OF THE U.S.C.I.S., FORMERLY INS, NEBRASKA SERVICE CENTER AND ADMINISTRATIVE APPEALS UNIT TO ADJUDICATE PETITIONER'S MOTION TO REOPEN IN A TIMELY MANNER

11.    Plaintiff further alleges that the government has a duty to immediately adjudicate

her Motion to Reopen, Motion to Reconsider, or Appeal to the AAO in the

alternative, immediately because of the urgency of the matter.

12.    Mandamus actions can be used to compel action by an agency, so long as the action

is not discretionary. An agency's decision not to act due to a policy position that

effectively precludes a timely decision from being made is properly subject to an

action in Mandamus. *See* Ganem v. Heckler, 746 F.2d 844 (D.C. Cir. 1984).

Further, the APA provides, "The reviewing Court shall – (1) compel agency action

unlawfully withheld or unreasonably delayed". 5 U.S.C. §706. This creates a right

of judicial review of agency action unlawfully withheld. Rank v. Nimmo, 677 F.2d

692, 698 (9th Cir. 1982).

13.    This action is grounded in the U.S. CIS Nebraska Service Center, and

Carpenter & Capt, Chtd.
53 W. Jackson
Suite 1752
Chicago, IL 60604
(312) 803-5110

11

Administrative Appeals Unit's, neglecting to decide Plaintiff's Motion to Reopen and Reconsider the NSC's erroneous denial. Ordinarily, one could not reasonably expect the government to immediately adjudicate such a Motion, and Mandamus relief would not be possible. Reasonability of processing time-frames, however, is subjectively defined depending on objective circumstances. Here Ms. Marler is in the untenable position of not being able to move with a principal researcher from the University of Chicago to another university safely, in order to pursue their goal of eradicating childhood epilepsy.

14.     Mandamus is an appropriate remedy here because (1) the Petitioner has a clear right to the relief sought; (2) the Respondents have a clear duty to perform; and (3) no other adequate remedy is available. *See* Blaney v. United States, 34 F.3d 509, 513 (7th Cir. 1994); Iddir v. INS, 301 F.3d 492, 499 (7th Cir. 2002).

Petitioner has a right to have her Motion to Reopen/Reconsider adjudicated. She paid the filing fees, and the Motion was filed within the timeframe prescribed by the operative regulations.

Courts have consistently held that the INS has a non-discretionary duty to adjudicate applications within a reasonable time. *See* Yu v. Brown, 36 F.Supp.2d 922, 931 (D.N.M. 1999) ("All other courts addressing this question have held that INS has a non-discretionary duty to process applications for LPR status as well as all other immigration applications.")(citing various cases); Id. at 932 (holding that the INS "owes Plaintiffs a non-discretionary duty to complete processing of Plaintiffs' [LPR] applications in a reasonable time.").

1

2          Reasonability here should be defined by what injustice will ensue if the underlying

3    error in denying Ms. Marler's I-140 without issuing an RFE is not corrected in a timely

4    manner. The error itself is discussed in Count I, *supra*. The consequences of not having

5    the error revisited now rather than later will include Ms. Marler potentially not being

6    able to work for a new research program that has evolved from her past research with

7    the University of Chicago to eradicate childhood epilepsy. This will force her to incur a

8    significant setback in her career, as well as a setback in the program at large in its

9    efforts to find a cure for this terrible disease. Additionally, Ms. Marler intends to attend

10   medical school in 2010, and must have her permanent residency adjudicated in order to

11   avail herself of that opportunity. By all accounts, Ms. Marler has extraordinary abilities

12   in the field of medical research, and will undoubtedly prove to be an enormous asset to

13   the United States in the medical field. Jeopardizing that possibility because of a delay in

14

15   adjudicating a Motion to Reopen in order to have an erroneous denial re-visited, is a

16   result this Court should not permit.

17          No other adequate remedy is available; Petitioner has utilized every possible avenue

18   in having the NSC adjudicate her petition correctly. She has taken every administrative

19

20   step possible up to this point in time in having the decision re-visited. Waiting for the

21   NSC or AAO to issue a decision will unjustifiably require Ms. Marler to live in limbo,

22   and for her research programs to potentially exist without her very significant talents.

23

24   Further waiting is simply not warranted here.

25          **COUNT III: ATTORNEY'S FEES AND COSTS UNDER THE EQUAL**
              **ACCESS TO JUSTICE ACT (EAJA)**

26

27   15.     Plaintiffs bringing successful mandamus actions may be entitled to a grant of

Carpenter & Capt, Chtd.
53 W. Jackson
Suite 1752
Chicago, IL  60604
(312) 803-5110

1

2       attorney's fees and costs against the INS under the EAJA, 28 U.S.C. 2412(d)(1)(A).

3       This is so even though the Supreme Court has ruled that EAJA does not authorize

4       payment of attorney's fees to prevailing parties in **administrative** deportation

5       proceedings. *See* <u>Ardestani v. INS</u>, 502 U.S. 129 (1991). This is because a

6       mandamus action is not part of an administrative deportation proceeding.

7   16.  To prevail under EAJA, a plaintiff must establish that he or she is a "prevailing

8       party" in a suit against the United States or a federal agency or official. Fees are

9       awarded unless the court finds that the position of the defendant was substantially

10      justified or that special circumstances make an award unjust. To be a "prevailing

11      party" the plaintiff need only be successful on a significant issue in the litigation.

12

13      Courts have awarded EAJA fees and costs where a mandamus action was filed to

14      force the INS to adjudicate an adjustment petition. <u>Jefrey v. INS</u>, 710 F.Supp. 486

15      (S.D.N.Y. 1989), as well as in a variety of other cases where INS' dilatory actions

16      prompted the lawsuit. *See e.g.* <u>Shu Chen v. Slattery</u>, 842 F.Supp. 597 (D.C.D.C.

17      1994). While the catalyst doctrine arguably has been abandoned by the U.S.

18      Supreme Court, fees will still be appropriate where a matter goes to hearing and a

19      finding against the government is made. <u>Buckhannon Board and Care Home, Inc. v.</u>

20

21      <u>West Virginia Department of Health and Human Resources, et al.</u>, 532 U.S. 598,

22      121 S. Ct. 1835 (2001).

23

24

Carpenter  &  Capt,   25
Chtd.
53 W. Jackson          26
Suite 1752
Chicago, IL  60604     27
(312) 803-5110

14

1

     WHEREFORE, Petitioner respectfully prays this Honorable Court to Enter an Order

2

Directing the Defendant to take all necessary steps to adjudicate the University of

3

Chicago's petition on behalf of Ms. Marler and grant Petitioner's request attorney's fees

4

and costs under the Equal Access to Justice Act.

5

6

7

                                Respectfully Submitted,

8

9

                                _____

10

                                Robert Carpenter
                                One of Petitioner's Attorneys

11

12    CARPENTER & CAPT, CHTD.
        Attorneys for Petitioners

13    53 W. Jackson Blvd., Ste. 1752
        Chicago, IL  60604

14    t (312) 803-5110
        f (312) 803-5110
        e c&clawyers@carpenterandcapt.com

15    IL Attorney Registration #: 6210049

16

17

18

19

20

21

22

23

24

Carpenter  &  Capt,
Chtd.
53 W. Jackson
Suite 1752
Chicago, IL  60604
(312) 803-5110

25

26

27

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

1  U.S. Government Plaintiff

3  Federal Question (U.S. Government Not a Party)

2  U.S. Government Defendant

4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (excl. vet.)<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers' Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Inj. | **PERSONAL INJURY**<br>362 Personal Injury— Med. Malpractice<br>365 Personal Injury — Product Liability<br>368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | 610 Agriculture<br>620 Other Food & Drug<br>625 Drug Related Seizure of Property 21 USC 881<br>630 Liquor Laws<br>640 R.R. & Truck<br>650 Airline Regs.<br>660 Occupational Safety/Health<br>690 Other | 422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>840 Trademark | 400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce/ICC Rates/etc.<br>460 Deportation<br>470 Racketeer Influenced and Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Satellite TV<br>810 Selective Service<br>850 Security/Commodity/Exch.<br>875 Customer Challenge 12 USC 3410<br>891 Agricultural Acts<br>892 Economic Stabilization Act<br>893 Environmental Matters<br>894 Energy Allocation Act<br>895 Freedom of Information Act<br>900 Appeal of Fee Determination Under Equal Access to Justice<br>950 Constitutionality of State Statutes<br>890 Other Statutory Actions |
| **REAL PROPERTY**<br>210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | **CIVIL RIGHTS**<br>441 Voting<br>442 Employment<br>443 Housing/ Accommodations<br>444 Welfare<br>445 ADA—Employment<br>446 ADA — Other<br>440 Other Civil Rights | **PRISONER PETITIONS**<br>510 Motions to Vacate Sentence Habeas Corpus:<br>530 General<br>535 Death Penalty<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition | **LABOR**<br>710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt.Reporting & Disclosure Act<br>740 Railway Labor Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff or Defendant)<br>871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

1  Original Proceeding

2  Removed from State Court

3  Remanded from Appellate Court

4  Reinstated or Reopened

5  Transferred from another district (specify)

6  Multidistrict Litigation

7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary)

**VIII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   Yes   No

**IX. This case** _____ **is not a refiling of a previously dismissed action.**

_____ **is a refiling of case number** _____ , **previously dismissed by Judge** _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

## U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
## ATTORNEY APPEARANCE FORM

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of                                                    Case Number:

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

| | |
|---|---|
| NAME (Type or print) | |
| SIGNATURE (Use electronic signature if the appearance form is filed electronically)<br>            /s/ | |
| FIRM | |
| STREET ADDRESS | |
| CITY/STATE/ZIP | |
| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) | TELEPHONE  NUMBER |
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE?          YES          NO | |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE?          YES          NO | |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR?          YES          NO | |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY?    YES          NO | |
| IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.<br><br>RETAINED COUNSEL          APPOINTED COUNSEL | |

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

V.                                    ASSIGNED JUDGE:

DESIGNATED
MAGISTRATE JUDGE:

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within _____days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

_____                    _____
(By) DEPUTY CLERK                                                    DATE

AO 440  (Rev. 05/00)  Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

**G**  Served personally upon the defendant.  Place where served: _____

_____

**G**  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

**G**  Returned unexecuted: _____

_____

_____

**G**  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                                 Date                            *Signature of Server*

                                                    _____
                                                     *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

V.                                    ASSIGNED JUDGE:

DESIGNATED
MAGISTRATE JUDGE:

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

_____                    _____
(By) DEPUTY CLERK                                                      DATE

AO 440  (Rev. 05/00)  Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

**G** Served personally upon the defendant.  Place where served: _____

_____

**G** Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

**G** Returned unexecuted: _____

_____

_____

**G** Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                        Date               *Signature of Server*

_____
                                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

V.                                    ASSIGNED JUDGE:

DESIGNATED
MAGISTRATE JUDGE:

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

_____                              _____
(By) DEPUTY CLERK                                                      DATE

AO 440  (Rev. 05/00)  Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

G   Served personally upon the defendant.  Place where served: _____

_____

G   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G   Returned unexecuted: _____

_____

_____

G   Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                        Date                                          *Signature of Server*


_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

V.                                    ASSIGNED JUDGE:

DESIGNATED
MAGISTRATE JUDGE:

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

_____                    _____
(By) DEPUTY CLERK                                                            DATE

AO 440  (Rev. 05/00)  Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

**G**  Served personally upon the defendant.  Place where served: _____

_____

**G**  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

**G**  Returned unexecuted: _____

_____

_____

**G**  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
          Date                              *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

. Department of Homeland Security
P.O. Box 82521
Lincoln, NE 68501-2521



**U.S. Citizenship
and Immigration
Services**

JUL 1 4 2008

Refer to File Number:
LIN08 018 53112; A89 591 412

ROBERT CARPENTER
CARPENTER & CAPT CHARTERED
53 W JACKSON BLVD STE 1752
CHICAGO IL 60604

Dear Sir or Madam:

Case Type:  Form I-140, Immigrant Petition for an Alien Worker
Petitioner: The University of Chicago –Department of Organismal Biology & Anatomy
Beneficiary: Seoan MARLER

## DECISION

This petition, filed on October 22, 2007, seeks to classify the beneficiary as an immigrant under Section 203(b)(2) of the Immigration and Nationality Act, as amended.  That section provides for the allocation of immigrant visas to:

> qualified immigrants who are members of the professions holding advanced degrees or their equivalent or who because of their exceptional ability in the sciences, arts, or business, will substantially benefit prospectively the national economy, cultural or educational interests, or welfare of the United States and whose services in the sciences, arts, professions, or business are sought by an employer in the United States.

The record indicates that the petitioner wishes to employ the beneficiary as a "Clinical Research Technologist."

Title 8, Code of Federal Regulations, §204.5(k)(2) defines "exceptional ability in the sciences, arts, or business" as "a degree of expertise above that ordinarily encountered in the sciences, arts, or business."

Title 8, Code of Federal Regulations, §204.5(k)(3)(ii) states:  To show that the alien is an alien of exceptional ability in the sciences, arts, or business, the petition must be accompanied by at least three of the following:

(A) An official academic record showing that the alien has a degree, diploma, certificate, or similar award from a college, university, school, or other institution of learning relating to the area of exceptional ability;

(B) Evidence in the form of letter(s) from current or former employer(s) showing that the alien has at least ten years of full-time experience in the occupation for which he or she is being sought;

(C) A license to practice the profession or certification for a particular profession or occupation;

The University of Chicago – Department of Organismal Biology & Anatomy
Page 2

(D) Evidence that the alien has commanded a salary, or other remuneration for services, which demonstrates exceptional ability;

(E) Evidence of membership in professional associations; or

(F) Evidence of recognition for achievements and significant contributions to the industry or field by peers, governmental entities, or professional or business organizations.

Title 8, Code of Federal Regulations, Part 204.5(k)(4) states:

(i) General. Every petition under this classification must be accompanied by an individual labor certification from the Department of Labor, by an application for Schedule A designation (if applicable), or by documentation to establish that the alien qualifies for one of the shortage occupations in the Department of Labor's Labor Market Information Pilot Program. . .

This petition was accompanied by a request for certification pursuant to the provisions of Title 20, Code of Federal Regulations, 656.5(b), commonly referred to as Schedule A. The petitioner indicates the beneficiary is eligible for certification pursuant to Group II of that Schedule, which provides that certification may be granted to:

(1) *Sciences or arts (except performing arts).* Aliens (except for aliens in the performing arts) of exceptional ability in the sciences or arts including college and university teachers of exceptional ability who have been practicing their science or art during the year prior to application and who intend to practice the same science or art in the United States. For purposes of this group, the term ''science or art'' means any field of knowledge and/or skill with respect to which colleges and universities commonly offer specialized courses leading to a degree in the knowledge and/or skill. An alien, however, need not have studied at a college or university in order to qualify for the Group II occupation.

(2) *Performing arts.* Aliens of exceptional ability in the performing arts whose work during the past 12 months did require, and whose intended work in the United States will require, exceptional ability.

An alien whose occupation is within Schedule A is considered as having obtained certification under Section 212(a)(5)(A) of the Act upon a determination by this Service that the alien is qualified for, and will engage in, such occupation.

Title 20, Code of Federal Regulations, Part 656.15(d) further defines the eligibility standard of Group II by setting standards of required documentation. This regulation provides that:

(d) *Group II documentation.* An employer seeking a *Schedule A* labor certification under Group II of *Schedule A* must file with DHS, as part of its labor certification application, documentary evidence of the following:

(1) An employer seeking labor certification on behalf of an alien to be employed as an alien of exceptional ability in the sciences or arts (excluding those in the performing arts) must file documentary evidence showing the widespread acclaim and international recognition accorded the alien by recognized experts in the alien's field; and documentation showing the alien's work in that field during the past year did, and the alien's intended work in the United

The University of Chicago – Department of Organismal Biology & Anatomy
Page 3

States will, require exceptional ability. In addition, the employer must file documentation about the alien from at least two of the following seven groups:

(i) Documentation of the alien's receipt of internationally recognized prizes or awards for excellence in the field for which certification is sought;

(ii) Documentation of the alien's membership in international associations, in the field for which certification is sought, which require outstanding achievement of their members, as judged by recognized international experts in their disciplines or fields;

(iii) Published material in professional publications about the alien, about the alien's work in the field for which certification is sought, which shall include the title, date, and author of such published material;

(iv) Evidence of the alien's participation on a panel, or individually, as a judge of the work of others in the same or in an allied field of specialization to that for which certification is sought;

(v) Evidence of the alien's original scientific or scholarly research contributions of major significance in the field for which certification is sought;

(vi) Evidence of the alien's authorship of published scientific or scholarly articles in the field for which certification is sought, in international professional journals or professional journals with an international circulation;

(vii) Evidence of the display of the alien's work, in the field for which certification is sought, at artistic exhibitions in more than one country.

Title 20, Code of Federal Regulations, §656.10(d) states, in part:

(1) In applications filed under §§ 656.15 (Schedule A), 656.16 (Sheepherders), 656.17 (Basic Process), 656.18 (College and University Teachers), and 656.21 (Supervised Recruitment), the employer must give notice of the filing of the Application for Permanent Employment Certification and be able to document that notice was provided, if requested by the Certifying Officer, as follows:

(i) To the bargaining representative(s) (if any) of the employer's employees in the occupational classification for which certification of the job opportunity is sought in the employer's location(s) in the area of intended employment. Documentation may consist of a copy of the letter and a copy of the Application for Permanent Employment Certification form that was sent to the bargaining representative.

(ii) If there is no such bargaining representative, by posted notice to the employer's employees at the facility or location of the employment. The notice shall be posted for at least 10 consecutive business days. The notice must be clearly visible and unobstructed while posted and must be posted in conspicuous places where the employer's U.S. workers can readily read the posted notice on their way to or from their place of employment. Appropriate locations for posting notices of the job opportunity include locations in the immediate vicinity of the wage and hour notices required by 29 CFR 516.4 or occupational safety and health notices required by 29 CFR

The University of Chicago – Department of Organismal Biology & Anatomy
Page 4

1903.2(a). In addition, the employer must publish the notice in any and all in-house media, whether electronic or printed, in accordance with the normal procedures used for the recruitment of similar positions in the employer's organization. The documentation requirement may be satisfied by providing a copy of the posted notice and stating where it was posted, and by providing copies of all the in-house media, whether electronic or print, that were used to distribute notice of the application in accordance with the procedures used for similar positions within the employer's organization.

(3) The notice of the filing of an Application for Alien Employment Certification must:

(i) State the notice is being provided as a result of the filing of an application for permanent alien labor certification for the relevant job opportunity;

(ii) State any person may provide documentary evidence bearing on the application to the Certifying Officer of the Department of Labor.

(iii) Provide the address of the appropriate Certifying Officer; and

(iv) Be provided between 30 and 180 days before filing the application.

(6) If an application is filed under the *Schedule A* procedures at § 656.15... the notice must contain a description of the job and rate of pay, and must meet the requirements of this section.

The petition was accompanied by a notice of filing that the petitioner attests was posted from April 26, 2007 through May 8, 2007. Although 20 CFR Section 656.10 does not define the term "business day" for the purposes of posting, the Service will use a definition of business day as defined by Black's Law Dictionary:

Business Day: A day that most institutions are open for business, usually a day on which banks and major stock exchanges are open, excluding Saturdays and Sundays.

Four of the thirteen days that the notice was posted were either Saturday or Sunday. Thus, the notice was posted for nine business days, not the required ten business days. Therefore, the petition is not accompanied by a proper application for labor certification, and the petition must be and hereby is denied.

Additionally, the petition was accompanied by a notice of filing that listed a range of pay from $48,000 to $55,000 per hour. However, the prevailing wage determination submitted with the petition indicates that the prevailing wage for the occupation in the area indicated is $53,082 per year. The notice of filing lists a range of wages where the low end of the range is less than the prevailing wage listed on your determination. Since the employer may not offer an alien less than the prevailing wage, the Service finds that the petitioner did not make proper notice. For this additional reason, the petition is not accompanied by a proper application for labor certification, and the petition must be and hereby is denied.

The purpose of the posting regulation is to provide a meaningful opportunity for U.S. workers to compete for the position and to assure that the wages and working conditions of the U.S. workers similarly employed will not be adversely affected by the employment of aliens in Schedule A occupations.

The University of Chicago – L ,artment of Organismal Biology & Anatom,
Page 5

Title 8, Code of Federal Regulations, Part 103.2(b)(8) states in pertinent part, "If the record evidence establishes ineligibility, the application or petition will be denied on that basis."

The notice of filing an application for labor certification does not comply with the regulatory requirements, and as proper notice must have been provided between 30 and 180 days prior to the filing of the application, this deficiency cannot now be overcome by the posting of a corrected notice. The petitioner is not precluded from filing a new petition accompanied by the required evidence.

Although the petition is denied for the two reasons described above, the following additional four deficiencies are noted:

**Exceptional Ability –USCIS regulations**
The record does not establish that the position requires an alien of exceptional ability under 8 CFR §204.5(k)(3)(ii). Additionally, the record does not establish that the beneficiary possesses exceptional ability under 8 CFR §204.5(k)(3)(ii).

**Exceptional Ability -Department of Labor, Schedule A, Group II regulations**
Furthermore, the record does not establish that the beneficiary is a person of exceptional ability for the purpose of Group II certification as described in 20 CFR §656.15(d)(1). Additionally the evidence does not establish that the beneficiary's work in the past year or intended work in the United States requires a person of exceptional ability as described in 20 CFR §656.15(d)(1).

However, as the petition must be denied on the other two grounds, these four grounds need not be further discussed.

The burden of proof in these proceedings rests solely with the petitioner under §291 of the Act, 8 U.S.C. §1361. In this case the petitioner has not sustained that burden.

**RIGHT TO APPEAL:** If you wish to appeal this decision, you may do so. Your Notice of Appeal or Motion, Form I-290B, must be filed with the Nebraska Service Center, P. O. Box 82521, Lincoln, NE 68501-2521. Your Form I-290B must be filed within 30 days from the date of this notice (33 days if this notice was received by mail) with the appropriate filing fee required by Title 8, Code of Federal Regulations, Part 103.7 and a brief or other written statement in support of your appeal. If no appeal is filed within the time allowed, this decision is final. Do not send your appeal directly to the Administrative Appeals Office. Current fee information is available online at www.uscis.gov or by calling the National Customer Service Center (NCSC) at 800-375-5283.

Sincerely,

F. Gerard Heinauer
Director

NSC/RSS 807 R5

Enclosure: Form I-290B

13



**NOTICE OF FILING OF APPLICATION UNDER THE U.S. DEPARTMENT OF LABOR'S
PERMANENT LABOR CERTIFICATION PROGRAM**

An application concerning the employment of one or more alien workers for the following permanent position will
be filed with the Department of Labor (for non-Schedule A positions) or with the Department of Homeland Security
(for Schedule A positions). This Notice of Filing will be posted for 10 consecutive business days, ending between 30
and 180 days before filing the permanent labor certification application.

**POSITION TITLE:** Clinical Research Technologist

**POSITION DUTIES:** Conduct laboratory research and analyze findings in project investigating epileptogenesis.
Involves performing patch, sharp and extracellular electrophysiology of human & mouse
tissue. Responsible for EEG data collection in adults and children, and quantitative
analysis using nonlinear systems tools. Will use Axoclamp, Igor, and Matlab softwares.
Maintains organotypic brain culture of tissue samples, and performs survival surgery.
B.A. in Biological Sciences required & 5 years experience in job offered or 5 years
experience in position using electrophysiology & EEG in pediatric patients required.
40hrs/wk. 9-5. Location: Chicago, IL. University of Chicago-Dept. of Organismal
Biology & Anatomy. Fax resume to 312-803-5112. No calls.

**RATE OF PAY:** $55,000.00 per year. (The employer will pay or exceed the prevailing wage, as
determined by the U.S. Department of Labor)

**LOCATION OF
EMPLOYMENT:** University of Chicago – Department of Organismal Biology & Anatomy
1027 E 57th Street, A107, Chicago, IL 60637

This notice is provided in compliance with 20 CFR 656.10(d). Any person may provide documentary
evidence bearing on the application to the Certifying Officer of the U.S. Department of Labor holding
jurisdiction over the location of the proposed employment:

Illinois Department of Employment Security        Regional Certifying Officer
ALIEN CERTIFICATION UNIT                           U.S. Department of Labor
33 South State Street, 8th Floor                   Employment & Training Administration
Chicago, Illinois 60603                            230 South Dearborn Street
                                                   Chicago, IL 60604

This notice is being provided to workers in the place of intended employment by the following means:

☑ Posting a clearly visible and unobstructed notice, for <u>at least ten (10) consecutive business days</u>, in
conspicuous location(s) in the workplace, where the employer's U.S. workers can readily read the posted
notice, including but not limited to locations in the immediate vicinity of the wage and hour notices

**AND**

☑ Publishing the notice in any and all in-house media, whether electronic or printed, in accordance with the
normal procedures used for the recruitment of similar positions in the employer's organization.

**DATE POSTED:** _7/28/08_

**DATE REMOVED:** _8/11/08_

**LOCATIONS WHERE THE NOTICE WAS POSTED:** _Anatomy Bulletin Board_

**MEANS OF IN-HOUSE NOTICE, if applicable:** _____

**EXPLANATION OF ANY LACK OF IN-HOUSE NOTICE:**

_In-house print memo was distributed to 100 employees because
the University the does not allow the format of the internal
posting to be used online._

14

I attest, under penalty of perjury, that the above notice was provided as shown.

_Tom Vloedman / Admin_
PRINTED NAMED AND TITLE

SIGNATURE

DATE: _7/28/08_

15

**NOTICE OF FILL      OF APPLICATION UNDER THE U.S. DE...RTMENT OF LABOR'S
PERMANENT LABOR CERTIFICATION PROGRAM**

An application concerning the employment of one or more alien workers for the following permanent position will be filed with the Department of Labor (for non-Schedule A positions) or with the Department of Homeland Security (for Schedule A positions). This Notice of Filing will be posted for 10 consecutive business days, ending between 30 and 180 days before filing the permanent labor certification application.

**POSITION TITLE:**   Clinical Research Technologist

**POSITION DUTIES:**   Conduct laboratory research and analyze findings in project investigating epileptogenesis. Involves performing patch, sharp and extracellular electrophysiology of human & mouse tissue. Responsible for EEG data collection in adults and children, and quantitative analysis using nonlinear systems tools. Will use Axoclamp, Igor, and Matlab softwares. Maintains organotypic brain culture of tissue samples, and performs survival surgery. B.A. in Biological Sciences required & 5 years experience in job offered or 5 years experience in position using electrophysiology & EEG in pediatric patients required. 40hrs/wk. 9-5. Location: Chicago, IL. University of Chicago-Dept. of Organismal Biology & Anatomy. Fax resume to 312-803-5112. No calls.

**RATE OF PAY:**   $55,000.00 per year. (The employer will pay or exceed the prevailing wage, as determined by the U.S. Department of Labor)

**LOCATION OF EMPLOYMENT:**   University of Chicago – Department of Organismal Biology & Anatomy
1027 E 57th Street, A107, Chicago, IL 60637

This notice is provided in compliance with 20 CFR 656.10(d). Any person may provide documentary evidence bearing on the application to the Certifying Officer of the U.S. Department of Labor holding jurisdiction over the location of the proposed employment:

Illinois Department of Employment Security
ALIEN CERTIFICATION UNIT
33 South State Street, 8th Floor
Chicago, Illinois 60603

Regional Certifying Officer
U.S. Department of Labor
Employment & Training Administration
230 South Dearborn Street
Chicago, IL 60604

This notice is being provided to workers in the place of intended employment by the following means:

☑ Posting a clearly visible and unobstructed notice, for **at least ten (10) consecutive business days**, in conspicuous location(s) in the workplace, where the employer's U.S. workers can readily read the posted notice, including but not limited to locations in the immediate vicinity of the wage and hour notices

**AND**

☑ Publishing the notice in any and all in-house media, whether electronic or printed, in accordance with the normal procedures used for the recruitment of similar positions in the employer's organization.

**DATE POSTED:**   7/28/08

**DATE REMOVED:**   8/11/08

**LOCATIONS WHERE THE NOTICE WAS POSTED:**   Culver Bulletin Board .

**MEANS OF IN-HOUSE NOTICE, if applicable:** _____

**EXPLANATION OF ANY LACK OF IN-HOUSE NOTICE:**

In-house print memo was distributed to 100 employees because the University HR does not allow the format of the internal posting to be used online

16

I attest, under penalty of perjury, that the above notice was provided as shown.

_Tom  Vloedman / Alumn._
PRINTED NAMED AND TITLE

SIGNATURE

DATE:  _7/28/08_



# The University of Chicago
Pritzker School of Medicine
Department of Organismal Biology & Anatomy

1027 East 57th Street
Anatomy: 104
Chicago, Illinois    60637-1508

*Dr. Jan-Marino Ramirez*
*Professor and Chair*

*Phone:  773-702-3713*
*Fax:     773-702-0037*
*jramire@uchicago.edu*

August 1, 2008

### NOTICE OF FILING OF APPLICATION UNDER THE U.S. DEPARTMENT OF LABOR'S PERMANENT LABOR CERTIFICATION PROGRAM

An application concerning the employment of one or more alien workers for the following permanent position will be filed with the Department of Labor (for non-Schedule A positions) or with the Department of Homeland Security (for Schedule A positions). This Notice of Filing will be posted for 10 consecutive business days, ending between 30 and 180 days before filing the permanent labor certification application.

**POSITION TITLE:**    Clinical Research Technologist

**POSITION DUTIES:**    Conduct laboratory research and analyze findings in project investigating epileptogenesis. Involves performing patch, sharp and extracellular electrophysiology of human & mouse tissue.  Responsible for EEG data collection in adults and children, and quantitative analysis using nonlinear systems tools.  Will use Axoclamp, Igor, and Matlab softwares. Maintains organotypic brain culture of tissue samples, and performs survival surgery. B.A. in Biological Sciences required & 5 years experience in job offered or 5 years experience in position using electrophysiology & EEG in pediatric patients required. 40hrs/wk. 9-5. Location: Chicago, IL.  University of Chicago-Dept. of Organismal Biology & Anatomy. Fax resume to 312-803-5112. No calls.

**RATE OF PAY:**    $55,000.00 per year. (The employer will pay or exceed the prevailing wage, as determined by the U.S. Department of Labor)

**LOCATION OF EMPLOYMENT:**    University of Chicago – Department of Organismal Biology & Anatomy
1027 E 57th Street, A107, Chicago, IL 60637

This notice is provided in compliance with 20 CFR 656.10(d). Any person may provide documentary evidence bearing on the application to the Certifying Officer of the U.S. Department of Labor holding jurisdiction over the location of the proposed employment:

Illinois Department of Employment Security
ALIEN CERTIFICATION UNIT
33 South State Street, 8th Floor
Chicago, Illinois  60603

Regional Certifying Officer
U.S. Department of Labor
Employment & Training Administration
230 South Dearborn Street
Chicago, IL  60604

This notice is being provided to workers in the place of intended employment by the following means:

☐    Posting a clearly visible and unobstructed notice, for **at least ten (10) consecutive business days**, in conspicuous location(s) in the workplace, where the employer's U.S. workers can readily read the posted notice, including but not limited to locations in the immediate vicinity of the wage and hour notices

### AND

☐    Publishing the notice in any and all in-house media, whether electronic or printed, in accordance with the normal procedures used for the recruitment of similar positions in the employer's organization.

18



..S. Department of Homeland Security
20 Massachusetts Avenue, NW
Washington, DC 20529

**U.S. Citizenship
and Immigration
Services**

HQPRD70/8.5

# Interoffice Memorandum

To:     REGIONAL DIRECTORS
SERVICE CENTER DIRECTORS
NATIONAL BENEFIT CENTER
DIRECTOR, OFFICER DEVELOPMENT TRAINING FACILITY, GLYNCO
DIRECTOR, OFFICER DEVELOPMENT TRAINING FACILITY, ARTESIA

From:   William R. Yates /S/
Associate Director
Operations

Date:   09/23/05

Re:     Current Processing of Pending Forms I-140 for a Schedule A/Group I or II Occupations
Missing Evidence of Compliance with U.S. Department of Labor (DOL) Notification/Posting
Requirements and Guidance Effective March 28, 2005 pursuant to new DOL regulations at 20 CFR
Part 656 Regarding the New Process for Blanket Labor Certification for Schedule A

Revisions to *Adjudicator's Field Manual* (*AFM*) Chapters 22.2(b)(3)(C) and
22.2(b)(7) (AFM Update AD 05-08)

This memorandum revises Chapters 22.2(b)(3)(C) and 22.2(b)(7) of the *Adjudicator's Field Manual* (*AFM*),
superseding USCIS Interoffice Memorandum, Guidance for Processing Pending Forms I-140 for a Schedule
A/Group I or II Occupations Missing Evidence of Compliance with DOL Notification/Posting Requirements,
dated December 23, 2004. Based on consultation with the U.S. Department of Labor (DOL) Employment and
Training Administration, and DOL regulations dated December 27, 2004, this memorandum provides interim
policy guidance regarding the notice of posting that is required in support of I-140 petitions filed on behalf of
Schedule A beneficiaries before March 28, 2005. The guidance relating to I-140s filed before March 28,
2005 is prospective. In addition, guidance regarding the evidentiary requirements for Form I-140 Schedule A
petitions filed on or after March 28, 2005 is also provided. Note that Chapter 22.2 was originally designated
as Chapter 22.7.

Questions regarding this memorandum may be directed through appropriate channels to Service Center
Operations.

Adjudication of Schedule A Group I I-140 Petitions

Revisions to *Adjudicator's Field Manual* (*AFM*) Chapters 22.2(b)(3)(C) and
22.2(b)(7) (*AFM* Update AD 05-08)                                    Page 2

Please ensure that appropriate personnel within your jurisdiction are aware of this update.
Accordingly, the *AFM* is revised as follows:

☞ 1.  Chapter 22.2(b)(3)(C) is revised to read:

(C)     Schedule A Blanket Labor Certifications. Schedule A is a list of pre-certified occupations
codified in  20 CFR 656.10 and 20 CFR 656.22 for which the  Secretary of the Department of Labor
previously has determined that there are not sufficient U.S. workers who are able, willing, qualified
and available and that the wages and working conditions of U.S. workers similarly employed will not
be adversely affected by the employment of aliens in such occupations. The IMMACT '90
amendments to the Immigration and Nationality Act (Act) gave separate visa classifications to some
groups that previously were included in Schedule A.  As a result, DOL eliminated these groups from
Schedule A, leaving only Group I, registered nurses and physical therapists, and Group II, aliens of
exceptional ability.

The use of the terms "extraordinary" and "exceptional" ability in both the Immigration and Nationality
Act and the DOL regulations resulted in considerable confusion.  In writing the regulations for
employment based immigrants, it was determined that Congress intended for the "extraordinary
ability" classification to be comparable to DOL's "exceptional ability" standard in Schedule A, Group
II. "Exceptional ability" as used in the Act is a less restrictive standard. The evidentiary
requirements for the two classifications reflect this interpretation.

**PETITIONS FILED PRIOR TO MARCH 28, 2005:**

In order to apply for certification under Schedule A for petitions filed before March 28, 2005, the
petitioner should complete and submit:

- The Form I-140 petition, with appropriate filing fees,

- An uncertified Form ETA-750 A and B, in duplicate, signed in the original by an authorized
  official of the petitioning entity and by the alien,

- A copy of the posted notice, and

- For Form I-140 petitions filed for registered nurses, an unrestricted permanent license to
  practice nursing in the state of intended employment, CGFNS certificate issued by the
  Commission on Graduates of Foreign Nursing Schools or evidence that the alien has passed
  the National Council Licensure Examination for Registered Nurses (NCLEX-RN), administered
  by the National Council of State Boards of Nursing

Adjudication of Schedule A Group I I-140 Petitions

Revisions to *Adjudicator's Field Manual (AFM)* Chapters 22.2(b)(3)(C) and
22.2(b)(7) (*AFM* Update AD 05-08)                                                    Page 3

- For Form I-140 petitions filed for physical therapists, a permanent license to practice in the state of intended employment or a letter or statement, signed by an authorized state physical therapy licensing official in the state of intended employment, stating that the beneficiary is qualified to take that state's written licensing examination for physical therapists.

For Form I-140 petitions filed before March 28, 2005, the DOL regulations 20 CFR 656.22(b)(2) and 656.20(g)(1) require that an employer provide notice of the position(s) it seeks to fill under Schedule A, Group I or II, to the bargaining representative or, if there is no such representative, to the employer's employees via a notice that must be posted for at least 10 consecutive days at the facility or location of the employment. In connection with the adjudication of Forms I-140 for occupations listed in Schedule A/Group I (nurses and physical therapists) or Group II (aliens of exceptional ability in the sciences or arts), USCIS requires evidence of compliance with DOL's notification requirements.

In order to be in compliance with DOL's notification requirements, the notice must be posted for at least 10 consecutive days. The notice must be clearly visible and unobstructed while posted and be posted in conspicuous places, where the employer's U.S. workers can readily read the posted notice on their way to or from their place of employment. The location of employment for notification purposes must be at the location where the alien beneficiary is actually going to be physically working, e.g., for a Schedule A nurse, the hospital or other facility where the alien beneficiary will be providing services, and not at the corporate headquarters or other office of the employer.

The notice must contain a description of the job and rate of pay and state that the notice is being provided as a result of the filing of an application for permanent alien labor certification for the relevant job opportunity. The notice must also state that any person may provide documentary evidence bearing on the Schedule A labor certification application to the appropriate DOL office with jurisdiction over the location where the alien beneficiary will be physically working.

In light of the prolonged period of time in which many Schedule A petitions have been awaiting adjudication for cases filed with the Service prior to March 28, 2005, where a petitioner has failed to provide evidence of compliance with the posting requirements at the time of filing the Form I-140, adjudicators should issue a request for evidence (RFE) that requests evidence of compliance with DOL's notification requirements in the form of a notice of posting that conforms to the conditions noted above. If all posting requirements are met and the notice has been posted the requisite 10 days prior to the date of the RFE response, the posting will be considered timely for adjudication purposes. Issuing an RFE for this documentation is preferable to the issuance of a notice of intent to deny (NOID), so as to minimize the impact on Service Center resources as opposed to the more resource intense process for the issuance of an NOID. Note: the issuance of an RFE specified in this memorandum supercedes the guidance provided in the December 23, 2004 memorandum instructing Service officers to issue a NOID.

Adjudication of Schedule A Group I I-140 Petitions

Revisions to *Adjudicator's Field Manual (AFM)* Chapters 22.2(b)(3)(C) and
22.2(b)(7) (*AFM* Update AD 05-08)                                    Page 4

## PETITIONS FILED ON OR AFTER MARCH 28, 2005:

DOL Regulations Effective March 28, 2005:  On December 27, 2004, DOL published a final rule,
Labor Certification for the Permanent Employment of Aliens in the United States; Implementation of
New System, which significantly restructures the permanent labor certification process.  This final
rule deletes the current language of 20 CFR part 656 and replaces the part in its entirety with new
regulatory text, effective on March 28, 2005.

On March 28, 2005, DOL effectively amended its regulations governing the filing and processing of
labor certification applications for the permanent employment of aliens in the United States to
implement a new system for filing and processing such applications.  Many of the evidentiary
requirements relating to Schedule A petitions have been changed as of that date.

Schedule A Requirements for petitions filed on or after March 28, 2005:

Pursuant to new 20 CFR 656.10 and 20 CFR 656.15, in order to apply for certification under
Schedule A for petitions filed on or after March 28, 2005, the petitioner should complete and submit:

- The Form I-140 petition, with appropriate filing fees,

- An uncertified Form ETA-9089, in duplicate, signed in the original by an authorized official of the
  petitioning organization, the alien, and the representative, if any,

- A Wage Determination issued by the State Workforce Agency (SWA) having jurisdiction over
  the proposed area where the job opportunity exists,

- A copy of the posted notice, and

- Copies of any and all in-house media, whether electronic or printed, in accordance with the
  normal procedures used for the recruitment of similar positions to the position specified in the
  Form 9089 in the employer's organization.

- For petitions filed for registered nurses, a full unrestricted permanent license to practice nursing
  in the state of intended employment, CGFNS certificate issued by the Commission on
  Graduates of Foreign Nursing Schools or evidence that the alien has passed the National
  Council Licensure Examination for Registered Nurses (NCLEX-RN), administered by the
  National Council of State Boards of Nursing.

- For petitions filed for physical therapists, a permanent license to practice in the state of intended
  employment or, a letter or statement, signed by an authorized state physical therapy licensing

Adjudication of Schedule A Group I I-140 Petitions

Revisions to *Adjudicator's Field Manual* (*AFM*) Chapters 22.2(b)(3)(C) and
22.2(b)(7) (*AFM* Update AD 05-08)                                    Page 5

official, stating that the beneficiary is qualified to take that state's written licensing examination for physical therapists.

New Labor Certification Form:  Pursuant to the new 20 CFR 656.17, the Application for Permanent Employment Certification (ETA Form 9089) will be replacing the Application for Alien Employment Certification (Form ETA-750).  The Form 9089 should be provided in duplicate, signed in the original by an authorized official of the petitioning entity, the alien, and the representative, if any, to USCIS in support of Schedule A, Form I-140 petitions.  In the event that the Form I-140 petition is approved, one copy of the Form ETA-9089 must be forwarded by USCIS to the Chief, Division of Foreign Labor Certification, identifying the occupation, the Immigration Officer who made the determination, and the date of the determination, see 20 CFR 656.15(f).

Validation Date for ETA-9089 and Scope of Validity:  20 CFR 656.30(b)(2) specifies that an ETA-9089 Labor Certification for a Schedule A occupation will be validated as of the date the application is dated by the USCIS Adjudications Officer.

State Prevailing Wage Determination:  In accordance with 20 CFR 656.15(b)(i), the Form 9089 provided with the Form I-140 from the petitioning employer must be accompanied by a prevailing wage determination issued by the SWA having jurisdiction over the proposed area where the job opportunity exists, see 20 CFR 656.40 and 20 CFR 656.41.  The petitioner will request a prevailing wage determination from the appropriate SWA using the form required by the state where the job opportunity exists.

A completed SWA form must reflect the date on which the SWA made the prevailing wage determination in order for it to be valid for purposes of being submitted to USCIS together with the Form 9089 in support of a Form I-140 petition. A properly completed SWA, in all cases, must specify on its face the validity of the prevailing wage, and the date on which the SWA made the determination. At the date of filing the Form I-140, for a supporting SWA wage determination to be valid, the ending validity date of the SWA determination may not be less than 90 days or more than 1 year from the date of the SWA determination at the time of filing with USCIS.  The purpose of the validity date for the prevailing wage determination is to ensure that the prevailing wage determination is reflective of the wages being offered for comparable positions in the location where the job offer exists at the time that the Form I-140 petitioner recruits the alien worker.

For the purposes of evaluating the validity of the petitioner's proffered wage, be advised that the past practice of allowing a 5 percent variance of the wage actually paid relative to the prevailing wage has been eliminated by the enactment of the H-1B Visa Reform Act of 2004, contained in Public Law 108-447.  This Act amended the INA (Section 212(p)(3), 8 USC 1182(p)(3)) by specifying that "...the prevailing wage required to be paid pursuant to 212(a)(5)(A), (n)(1)(A)(i)(II) and (t)(1)(A)(i)(II) shall be 100 percent of the wage determined pursuant to those sections." Therefore, the prevailing wage to be paid must be no less than 100 percent of the prevailing wage determination.

Adjudication of Schedule A Group I I-140 Petitions

Revisions to *Adjudicator's Field Manual* (*AFM*) Chapters 22.2(b)(3)(C) and
22.2(b)(7) (*AFM* Update AD 05-08)                                    Page 6

<u>Labor Application Notice:</u>  In order to comply with 20 CFR 656.10(d), the petitioner must give notice of the filing of the Application for Permanent Employment Certification and be able to document that notice was provided to either:

1.  The bargaining representative(s) (if any) of the employer's employees in the occupational classification for which certification of the job opportunity is sought in the employer's location(s) in the area of intended employment,   (documentation of this may consist of a copy of the letter that was sent to the bargaining representative(s) and a copy of the Application for Permanent Employment), or

2.  If there is no such bargaining representative, by posted notice to the employer's employees at the facility or physical location of the employment.  Such notice:

    *  must be posted for at least 10 consecutive business days;

    *  must be clearly visible and unobstructed while posted; and

    *  must be posted in conspicuous places within the location of the job where the employer's U.S. workers can readily read the posted notice on their way to or from their place of employment.  (**Note**: The location of employment for notification purposes must be at the location where the alien beneficiary is actually going to be physically employed such as the hospital or other facility where the beneficiary will be directly providing services, and not at the corporate headquarters or other office of the employer.)

    *  In addition, the employer must publish the notice in any and all in-house media, whether electronic or printed, in accordance with the normal procedures used for the recruitment of similar positions in the employer's organization. The documentation requirement in support of the I-140 petition may be satisfied by providing a copy of the posted notice and an attestation executed by an authorized official of the employer that identifies the physical location(s) where the notice was posted, and the date of publishing of all in-house media, whether electronic or print, that were used to distribute notice of the application in accordance with the procedures used for similar positions within the employer's organization.

The notice must state that it is being provided as a result of the filing of an application for permanent alien labor certification for the relevant job opportunity.  It must also state that any person may provide documentary evidence bearing on the Schedule A labor certification application to the DOL office with jurisdiction over the location where the alien beneficiary will be physically working.

Adjudication of Schedule A Group I I-140 Petitions

Revisions to *Adjudicator's Field Manual* (*AFM*) Chapters 22.2(b)(3)(C) and
22.2(b)(7) (*AFM* Update AD 05-08)                                          Page 7

Pursuant to 20 CFR 656.10(d)(3)(iv), such notice must be posted between <u>30 days and 180 days prior to the filing of the Form I-140 petition</u>. Adjudicators should deny the Form I-140 and any concurrently filed I-485 in instances where the notice was not posted between 30 and 180 days prior to the filing of the petition.

Lastly, in the case of a private household, notice is required only if the household employs one or more U.S. workers at the time the application for labor certification is filed.

Remember that qualifying for Schedule A means only that the labor certification requirement has been met. You must make a separate determination on the alien's qualification for the specific visa classification requested. The minimum requirements in Schedule A cases as listed in Item 14 and 15 of Part A of the ETA-750 for petitions filed before March 28, 2005 and in Item H of the ETA-9089 for petitions filed on or after March 28, 2005 may not be a true reflection of the actual education, training and experience needed to perform the job. In many cases a petitioner will give this particular alien's qualifications rather than actual minimum requirements and because the labor certification form is sent directly to USCIS, this will not be reviewed first by DOL and corrected through DOL involvement. This point is important because many classifications require that the petitioner establish that the position <u>requires</u> a person of a particular caliber. As long as the *duties* shown on the labor certification application are appropriate for a position that requires licensure as a registered nurse, the petition should not be denied and a request for evidence need not be sent to confirm the precise minimum job requirements.

☞ 2. Chapter 22.2(b)(7) is revised to read:

(7)    <u>Licensure.</u>

(A) General. Neither the statute nor the regulations require that the beneficiary of an employment-based petition be able to engage in the occupation immediately. There are often licensing and other additional requirements that an alien must meet before he or she can actually engage in the occupation. Unless needed to meet the requirements of a labor certification, such considerations are not a factor in the adjudication of the petition.

(B) Physical Therapists: The petitioner must provide evidence that the alien holds a permanent license to practice in the state of intended employment or, a letter or statement, signed by an authorized state physical therapy licensing official in the state of intended employment, stating that the beneficiary is qualified to take that state's written licensing examination for physical therapists.

(C) Registered Nurses. It should be noted that in the case of Schedule A registered nurses, there are three avenues by which a beneficiary may qualify as a professional nurse pursuant to 20 CFR 656.15(c)(2): The petitioner must provide evidence that the beneficiary:

Adjudication of Schedule A Group I I-140 Petitions

Revisions to *Adjudicator's Field Manual* (*AFM*) Chapters 22.2(b)(3)(C) and
22.2(b)(7) (*AFM* Update AD 05-08)                                        Page 8

1. Has a Certificate from the Commission on Graduates of Foreign Nursing Schools (CGFNS). The alien must have received the CGFNS certificate. Proof that the alien has passed the CGFNS nursing skills examination is not sufficient, as the nursing skills examination alone does not verify that the alien has a level of proficiency in the English language to perform the duties of a registered nurse in the United States.

2. Holds a full and unrestricted permanent license to practice professional nursing in the state of intended employment. A temporary license to practice nursing in the state of intended employment is not sufficient; or

3. Has passed the National Council Licensure Examination for Registered Nurses (NCLEX-RN), administered by the National Council of State Boards of Nursing.

The instruction in this guidance affects the adjudication of Form I-140 petitions only and makes no change to the requirements for adjustment of status or an immigrant visa for a professional nurse or physical therapist.

☞ 3. The AFM Transmittal Memoranda button is revised by adding a new entry, in numerical order, to read:

| AD 05-08 [INSERT SIGNATURE DATE OF THIS MEMO] | Chapters 22.2(b)(3)(C) and 22.2(b)(7) | This memorandum revises Chapters 22.2(b)(3)(C) and 22.2(b)(7) of the *Adjudicator's Field Manual* (*AFM*) to provide policy and procedural clarification on the adjudication of Schedule A Form I-140 Petitions |

cc:   USCIS Headquarters Directors
      Bureau of Immigration and Customs Enforcement
      U.S. Customs and Border Protection

# CARPENTER & CAPT, CHARTERED
## ATTORNEYS AT LAW

PATRICIA CAPT CARPENTER*
pcapt@carpenterandcapt.com

www.carpenterandcapt.com

ROBERT T. CARPENTER
rcarpenter@carpenterandcapt.com

August 14, 2008

U.S. CIS
U.S. Department of Homeland Security
P.O. Box 82521
Lincoln, NE 68501-2521

**SENT VIA NEXT DAY FED EX**
8638 4505 5294

RE: **I-290B Notice of Appeal or Motion**
     **Petitioner: UNIVERSITY OF CHICAGO – Department of Organismal Biology & Anatomy**
     **Beneficiary: MARLER, SEOAN | A89 591 412**
     **LIN08 018 53112**

Dear Sir or Madam,

Enclosed, please find the following in support of the timely filed I-290B Notice of Appeal with respect to the above-referenced applicant, per 8 CFR 103.5a(b) (allowing 33 days when decision served by regular mail):

☐ Money Order in the Amount of $585.00;
☐ Form I-290B, Notice of Appeal or Motion | **Note:** *Please treat as Motion to Reopen, or an Appeal to the AAO in the alternative, per 8 CFR 103.5.*
☐ Brief in Support of Applicant's I-290B with Supporting Exhibits.

If you have any questions or concerns, please be sure to contact our office directly. Thank you for your fair consideration.

Respectfully,

CARPENTER & CAPT, CHTD.

Robert Carpenter

RTC/gl
Encl: I-290B with accompanying materials

*LICENSED IN MICHIGAN AND ILLINOIS          LEGAL COUNSELING & MEDIATION SERVICES

53 W. Jackson Blvd., Suite 1752   Chicago, IL  60604   P: 312.803.5110   F: 312.803.5112
Harbor Dunes Building   18605 W. U.S. 12   New Buffalo, MI  49117   P: 269.469.9557   F: 269.469.9581

123
700



**FedEx** Express® **US Airbill**

fedex.com 1.800.GoFedEx 1.800.463.3339

**Ship and track packages at fedex.com**
Simplify your shipping. Manage your account. Access all the tools you need.

**1 From** *Please print and press hard.*
Date 08/14/2008    Sender's FedEx Account Number

Sender's Name ROBERT CARPENTER    Phone

Company CARPENTER & CAPT CHARTERED

Address 53 W JACKSON BLVD STE 1752

City CHICAGO    State IL    ZIP 60604-3715    Phone (312) 803-5110

**2 Your Internal Billing Reference**    RE:MARLER

**3 To**
Recipient's Name U.S. CIS    Phone ( )

Company U.S. Department of Homeland Security

Address 850 "S" Street, P.O. Box 82521

City Lincoln    State NE    ZIP 68501-2521

9.1 total oz

Tracking Number 8638 4505 5294

**4a Express Package Service** *Packages up to 150 lbs.*
☐ FedEx Priority Overnight
☐ FedEx Standard Overnight
☐ FedEx First Overnight
☒ FedEx 2Day
☐ FedEx Express Saver

**4b Express Freight Service** *Packages over 150 lbs.*
☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

**5 Packaging**
☐ FedEx Envelope  ☐ FedEx Pak  ☐ FedEx Box  ☐ FedEx Tube  ☐ Other

**6 Special Handling**    *Include FedEx address in Section 3.*
☐ SATURDAY Delivery
☐ HOLD Weekday
☐ HOLD Saturday

No ☒    ☐ Yes    ☐ Yes    ☐ Dry Ice    ☐ Cargo Aircraft Only

**7 Payment** *Bill to:*
☒ Sender    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check

**8 Residential Delivery Signature Options**
☐ No Signature Required    ☐ Direct Signature    ☐ Indirect Signature

Total Packages    Total Weight    Total Declared Value $ .00

SCH11    0215
519

0372578514

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.

Sender's Copy

RTC/GL

## UNITED STATES DEPARTMENT OF HOMELAND SECURITY
## CITIZENSHIP AND IMMIGRATION SERVICES
## NEBRASKA SERVICE CENTER

IN RE:

SEOAN MARLER

)
)
)
)
)
)
)
)

LIN 08 018 53112
A89 591 412

### INDEX OF SUBMISSIONS IN SUPPORT OF RESPONDENT'S I-290B
### NOTICE OF APPEAL TO THE ADMINISTRATIVE APPEALS OFFICE (AAO)

| Exhibit | Description | Page |
|---|---|---|
| | Form I-290B | 1 – 2 |
| | Brief in Support of I-290B | 3 – 8 |
| Ex. 1: | Decision Notice for I-140 EB-2 Schedule A dated July 14, 2008, served by mail | 9 – 13 |
| Gr. Ex. 2: | Internal Postings & In-House Department Memo | 14 – 18 |
| Ex. 3: | U.S. CIS Interoffice Memorandum | September 23, 2005 | 19 – 26 |
| Ex. 4: | American Immigration Lawyer's Associations Posting | 27 |
| Ex. 5: | Adjudicator's Field Manual | Revisions to Chapter 22 | 28 – 39 |
| Ex. 6: | Amicus © Case Management Software Date Calculator Printout | 40 |

Respectfully Submitted,

Robert Carpenter
One of Respondent's Attorneys

CARPENTER & CAPT, CHTD.
Attorneys for Respondent
53 W. Jackson, Ste. 1752
Chicago, IL 60604
t (312) 803-5110
f (312) 803-5112
e c&clawyers@carpenterandcapt.com
IL ARDC #: 6210049

UNITED STATES
POSTAL SERVICE®

POSTAL MONEY ORDER

SERIAL NUMBER
11165318098

YEAR, MONTH, DAY    POST OFFICE
2008-07-31         606372

PAY TO    U. S. Dept of Homeland Security

AMOUNT    FIVE HUNDRED EIGHTY FIVE DOLLARS & 00¢

ADDRESS

C.O.D. NO. OR
USED FOR

NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS
SEE REVERSE WARNING

FROM    Sepora Marley

ADDRESS    210 S DesPlaines St #310
           Chicago, IL 60661

CLERK    0008

15-800
000

⑈"000000800⑈"    ⑈"11165318098⑈"

** PLEASE TREAT AS MOTI   TO REOPEN, OR AN APPEAL TO THE   ) IN THE ALTERNATIVE
PER 8 CFR 103.5

OMB No. 1615-0095; Expires 10/31/08

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Form I-290B, Notice of Appeal or Motion

---

**In the Matter of:** University of Chicago for Seoan Marler        **File Number:** A - 89-591-412

---

**START HERE - Please Type or Print (Use black ink)**        **For USCIS Use Only**

## Part 1. Information About You *(Individual/Business/Organization filing appeal or motion)*

| | | | For USCIS Use Only |
|---|---|---|---|
| Family Name | Given Name | Middle Name | **Returned** |
| | | | Date |
| **Name of Business/Organization** *(if applicable)* | | | Date |
| University of Chicago - Department of Organismal Biology & Anatomy | | | **Resubmitted** |
| **Mailing Address -** Street Number and Name | | Apt. # | Date |
| 1027 E. 57th Street | | A107 | Date |
| **C/O** *(in care of)*: | | | **Reloc Sent** |
| Jan-Marino Ramirez | | | Date |
| City | State or Province | Zip/Postal Code | Date |
| Chicago | IL | 60637 | Date |
| Country | Daytime Phone # *(Area/Country Code)* | | **Reloc Rec'd** |
| USA | | | Date |
| Fax # *(Area/Country Code)* | E-Mail Address *(if any)* | | Date |

☐ I am an attorney or representative. If you check this box, you must provide the following information about the person or organization for whom you are appearing. **(NOTE:** You must attach a Form G-28, Notice of Entry of Appearance as Attorney or Representative.)

**Remarks**

| Family Name | Given Name | Middle Name |
|---|---|---|
| | | |
| Complete Name of Business/Organization/School *(if applicable)* | | |
| | | |
| A # *(if any)* | Daytime Phone # *(Area/Country Code)* | |
| | | |
| Fax # *(Area/Country Code)* | E-mail Address *(if any)* | |

---

## Part 2. Information About the Appeal or Motion.

Check the box below that best describes your request. *(Check one box.)*

A. ☐ I am filing an appeal. My brief and/or additional evidence is attached.

B. ☐ I am filing an appeal. My brief and/or additional evidence will be submitted to the AAO within 30 days.

C. ☐ I am filing an appeal. No supplemental brief and/or additional evidence will be submitted.

D. ☐ I am filing a motion to reopen a decision. My brief and/or additional evidence is attached.

E. ☐ I am filing a motion to reconsider a decision. My brief is attached.

F. ☑ I am filing a motion to reopen and a motion to reconsider a decision. My brief and/or additional evidence is attached.

01

| In the Matter of: University of Chicago for Seoan Marler | File Number:  A - 89-591-412 |
|---|---|

## Part 2.  Information About the Appeal or Motion        *(Continued)*

Information on the relating application/petition.

| Application/Petition Form # | Receipt # | Date of Denial *(mm/dd/yyyy)* | USCIS Office Where Decision Issued |
|---|---|---|---|
| I-140 | LIN-08-018-53112 | 07/14/2008 | Nebraska Service Center, Lincoln, NE |

## Part 3.  Basis for the Appeal or Motion

**Motion to Reopen:**  The motion must state new facts and must be supported by affidavits and/or documentary evidence.

**Motion to Reconsider:**  The motion must be supported by citations to appropriate statutes, regulations or precedent decisions.

**Appeal:**  Provide a statement explaining any erroneous conclusion of law or fact in the decision being appealed.

Please See Attached Brief In Support.

## Part 4.  Signature of Person Filing the Appeal/Motion or His or Her Authorized Representative

| Signature | Signer's Printed Name | Date *(mm/dd/yyyy)* |
|---|---|---|
|  | JAN RAMIREZ | 08/12/2008 |

**Make sure your appeal or motion is complete before filing.**

RTC/GL

## UNITED STATES DEPARTMENT OF HOMELAND SECURITY
## CITIZENSHIP AND IMMIGRATION SERVICES
## NEBRASKA SERVICE CENTER

|  |  |  |
|---|---|---|
| IN RE: | ) ) | |
| SEOAN MARLER | ) ) | LIN 08 018 53112 A89 591 412 |
|  | ) ) ) | |

### BRIEF IN SUPPORT OF MOTION TO REOPEN AND RECONSIDER

NOW COMES Seoan Marler, by and through her attorneys, CARPENTER &

CAPT, CHTD., and states the following in support of this Motion to Reopen and

Reconsider:

### I. FACTS

The U.S. CIS, Nebraska Service Center, issued a denial dated July 14, 2008 of

Movant's EB-2 Schedule A I-140. The decision is grounded on several alleged

deficiencies regarding the posting element of the labor certification application. *See*

Decision attached hereto as Ex. 1. Additionally, the denial was issued without the benefit

of first issuing a Request for Evidence (hereinafter "RFE") as established policy set forth

in Agency memoranda required.

The denial first concludes that the posting was done for nine (9) business days

rather than the ten (10) required by 20 C.F.R. §656.10. The denial next cites the fact that

an impermissible wage range was used because the lower parameter was less than the

prevailing wage, thereby rendering the posting deficient. Finally, the denial states that the

posting was not done between 30-180 days before the petition was filed. This latter

deficiency would be sufficient for an outright denial if it were in fact true. As detailed below, however, this ground of the denial is factually incorrect.

The denial is justified by a cite to 8 C.F.R. §103.2(b)(8), but ignores the memoranda that addressed denials without the issuance of an RFE in the context of Schedule A EB-2 petitions. The denial, *indicta*, questions whether the petition and the accompanying evidence meet the standard of exceptional ability, though it explicitly refrains from deciding the case on that basis. The denial is therefore wholly predicated on the deficient posting.

The Movant concedes for the purposes of this Motion that the posting was in fact deficient. The alleged deficiencies have now been remedied, as indicated by Gr. Ex. 2 attached hereto. This Motion to Reopen is based on this new evidence, and the Motion to Reconsider is based on the propriety of a straight denial from the U.S. CIS without the benefit of an RFE allowing a petitioner to re-post thereby curing the alleged deficient posting.

The most recent policy memorandum issued by the U.S. CIS is from September 23, 2005. It is attached as Ex. 3 hereto. Exhibit 3 states that it will appear in the *Adjudicator's Field Manual* as part of an upcoming and completely revised Chapter 22, and characterizes the information as "critical". The memorandum is broken down into different sections, depending on the filing date of the "petition", presumably referring to the I-140. Section (2) of the memorandum, starting on page 3 of the document, would appear to govern this case, as it speaks to petitions "filed on or after March 28, 2005", which is true for Petitioner's I-140.

∩4

The aforementioned section states as follows with respect to one facet of a deficient notice:

> *Pursuant to 20 CFR 656.10(d)(3)(iv), such notice must be posted between <u>30 days and 180 days prior to the filing of the Form I-140 petition</u>. The last day of the posting must fall at least 30 days prior to the filing in order to provide sufficient time for interested persons to submit, if they so choose, documentary evidence bearing on the application. Adjudicators should deny the Form I-140 and any concurrently filed I-485 in instances where the notice was not posted between 30 and 180 days prior to the filing of the petition. (underline in original).*

This section of the memo speaks to the situation at bar with respect to it being filed after March 28, 2005. It only speaks to one deficiency justifying an outright denial, and that is when the posting was not posted between 30-180 days prior to the filing of the I-140. This deficiency, though alleged, was not present here, as the posting was first posted 179 days prior to the filing of the petition. The source of the government's policy must be found elsewhere, and is upon closer inspection of the regulations. 8 C.F.R. Sec. 103.2(b):

*Evidence of eligibility or ineligibility. If the evidence submitted with the application or petition establishes eligibility, USCIS will approve the application or petition, except that in any case in which the applicable statute or regulation makes the approval of a petition or application a matter entrusted to USCIS discretion, USCIS will approve the petition or application only if the evidence of record establishes both eligibility and that the petitioner or applicant warrants a favorable exercise of discretion. If the record evidence establishes ineligibility, the application or petition will be denied on that basis.*

*103.2(b)(8)(ii) Initial evidence. If all required initial evidence is not submitted with the application or petition or does not demonstrate eligibility, USCIS in its discretion may deny the application or petition for lack of initial evidence or for ineligibility or request that the missing initial evidence be submitted within a specified period of time as determined by USCIS.*

*103.2(b)(8)(iii) Other evidence. If all required initial evidence has been submitted but the evidence submitted does not establish eligibility, USCIS may: deny the application or petition for ineligibility; request more information or evidence from the applicant or petitioner, to be submitted within a specified period of time as determined by USCIS; or notify the applicant or petitioner of its intent to deny the application or petition and the basis for the proposed denial, and require that the applicant or petitioner submit a*

*response within a specified period of time as determined by USCIS.*

## II. ISSUE

1.    <u>Is a Motion to Reopen Appropriate In This Case Given that the Posting Deficiencies Have Now Been Cured?</u>

    a.    <u>Was the Denial Correct In Citing the Fact that the Posting Was Not Done Between 30-180 Days Before the Petition Was Filed, Thereby Invoking the Automatic Denial Called for by the Operative Memorandum?</u>

## III. DISCUSSION

1.    <u>A NOID Should Have Been Issued Rather Than an Outright Denial, Thereby Affording Movant the Opportunity to Correct the Deficiencies in the Posting as Has Now Been Done.</u>

Historically, the U.S. CIS has acknowledged that re-posting in an EB-2 Schedule A case should be an opportunity afforded to an I-140 petitioner because re-posting would not compromise the underlying recruitment efforts. This is because there are no actual recruitment efforts in a Schedule A case other than the posting. The process itself, in fact, does not require labor certification through the U.S. Department of Labor. *See* American Immigration Lawyer's Association posting regarding this policy attached as Ex. 4. The current operative memorandum calls for an outright denial of Form I-140 if the notice was in fact not posted between 30-180 days prior to the filing of the petition. *See* Adjudicator's Field Manual with revisions to Chapter 22, attached as Ex. 5.

The denial erroneously states that the posting here was not done between 30-180 days before the petition was filed. This ground of the denial is factually incorrect, and constitutes the only ground which calls for an outright denial rather than the issuance of a NOID. The adjudicator most likely relied on calendar *dates* rather than counting the calendar *days*. Posting was done 179 days before the filing of the petition. *See* printout

4

from Amicus © Case Management Software showing 179 days had elapsed from the first date of the posting, attached as Ex. 6. This factual error alone justifies reopening and reconsidering the denial, and addressing the merits of the petition.

The other alleged errors and deficiencies of the posting have now been cured, thereby constituting an effective reason for reopening the case. *See* new posting and supporting documentation attached hereto as Gr. Ex. 2. The posture of the case now is that it is ready for adjudication on the merits, which should be the goal of the Service as a matter of public policy. Although the denial opined that it did not appear that the standard of exceptional ability had been met by the initial filing, that substantive matter is one that should be assessed honestly and fairly through the process of questions and answers with respect to that issue via a Request for Additional Evidence. The initial filing was hardly simple or meager in terms of the evidence submitted. Significant documentation as to Ms. Marler's abilities was offered, and the evidence offered also met at least two of the enumerated categories set forth in the regulations for Schedule A exceptional ability filings.

### CONCLUSION

The attached documentation cures all of the perceived deficiencies enumerated in the government's decision dated July 14, 2008. Curing the deficiencies has historically been the preference of the Service and that should not change merely because this matter was litigated in Federal District Court requesting a timely decision. Treating this petition differently for that fact amounts to nothing less than retaliation against Ms. Marler for asserting her rights in a court of law. The matter should be reopened, reconsidered, and evaluated on its merits accordingly.

Respectfully Submitted,

Robert Carpenter
One of Movant's Attorneys

CARPENTER & CAPT, CHTD.
Attorneys for Movant
53 W. Jackson, Ste. 1752
Chicago, IL 60604
t (312) 803-5110
f (312) 803-5112
e c&clawyers@carpenterandcapt.com
IL ARDC #: 6210049

. **Department of Homeland Security**
P.O. Box 82521
Lincoln, NE 68501-2521



**U.S. Citizenship
and Immigration
Services**

JUL 1 4 2008

Refer to File Number:
LIN08 018 53112; A89 591 412

ROBERT CARPENTER
CARPENTER & CAPT CHARTERED
53 W JACKSON BLVD STE 1752
CHICAGO IL 60604

Dear Sir or Madam:

Case Type: Form I-140, Immigrant Petition for an Alien Worker
Petitioner: The University of Chicago –Department of Organismal Biology & Anatomy
Beneficiary: Seoan MARLER

# DECISION

This petition, filed on October 22, 2007, seeks to classify the beneficiary as an immigrant under Section 203(b)(2) of the Immigration and Nationality Act, as amended. That section provides for the allocation of immigrant visas to:

> qualified immigrants who are members of the professions holding advanced degrees or their equivalent or who because of their exceptional ability in the sciences, arts, or business, will substantially benefit prospectively the national economy, cultural or educational interests, or welfare of the United States and whose services in the sciences, arts, professions, or business are sought by an employer in the United States.

The record indicates that the petitioner wishes to employ the beneficiary as a "Clinical Research Technologist."

Title 8, Code of Federal Regulations, §204.5(k)(2) defines "exceptional ability in the sciences, arts, or business" as "a degree of expertise above that ordinarily encountered in the sciences, arts, or business."

Title 8, Code of Federal Regulations, §204.5(k)(3)(ii) states: To show that the alien is an alien of exceptional ability in the sciences, arts, or business, the petition must be accompanied by at least three of the following:

> (A) An official academic record showing that the alien has a degree, diploma, certificate, or similar award from a college, university, school, or other institution of learning relating to the area of exceptional ability;

> (B) Evidence in the form of letter(s) from current or former employer(s) showing that the alien has at least ten years of full-time experience in the occupation for which he or she is being sought;

> (C) A license to practice the profession or certification for a particular profession or occupation;

The University of Chicago – Department of Organismal Biology & Anatomy
Page 2

(D) Evidence that the alien has commanded a salary, or other remuneration for services, which demonstrates exceptional ability;

(E) Evidence of membership in professional associations; or

(F) Evidence of recognition for achievements and significant contributions to the industry or field by peers, governmental entities, or professional or business organizations.

Title 8, Code of Federal Regulations, Part 204.5(k)(4) states:

(i) General. Every petition under this classification must be accompanied by an individual labor certification from the Department of Labor, by an application for Schedule A designation (if applicable), or by documentation to establish that the alien qualifies for one of the shortage occupations in the Department of Labor's Labor Market Information Pilot Program. . .

This petition was accompanied by a request for certification pursuant to the provisions of Title 20, Code of Federal Regulations, 656.5(b), commonly referred to as Schedule A. The petitioner indicates the beneficiary is eligible for certification pursuant to Group II of that Schedule, which provides that certification may be granted to:

(1) Sciences or arts (except performing arts). Aliens (except for aliens in the performing arts) of exceptional ability in the sciences or arts including college and university teachers of exceptional ability who have been practicing their science or art during the year prior to application and who intend to practice the same science or art in the United States. For purposes of this group, the term "science or art" means any field of knowledge and/or skill with respect to which colleges and universities commonly offer specialized courses leading to a degree in the knowledge and/or skill. An alien, however, need not have studied at a college or university in order to qualify for the Group II occupation.

(2) Performing arts. Aliens of exceptional ability in the performing arts whose work during the past 12 months did require, and whose intended work in the United States will require, exceptional ability.

An alien whose occupation is within Schedule A is considered as having obtained certification under Section 212(a)(5)(A) of the Act upon a determination by this Service that the alien is qualified for, and will engage in, such occupation.

Title 20, Code of Federal Regulations, Part 656.15(d) further defines the eligibility standard of Group II by setting standards of required documentation. This regulation provides that:

(d) Group II documentation. An employer seeking a Schedule A labor certification under Group II of Schedule A must file with DHS, as part of its labor certification application, documentary evidence of the following:

(1) An employer seeking labor certification on behalf of an alien to be employed as an alien of exceptional ability in the sciences or arts (excluding those in the performing arts) must file documentary evidence showing the widespread acclaim and international recognition accorded the alien by recognized experts in the alien's field; and documentation showing the alien's work in that field during the past year did, and the alien's intended work in the United

10

The University of Chicago – Department of Organismal Biology & Anatomy
Page 3

States will, require exceptional ability. In addition, the employer must file documentation about the alien from at least two of the following seven groups:

(i) Documentation of the alien's receipt of internationally recognized prizes or awards for excellence in the field for which certification is sought;

(ii) Documentation of the alien's membership in international associations, in the field for which certification is sought, which require outstanding achievement of their members, as judged by recognized international experts in their disciplines or fields;

(iii) Published material in professional publications about the alien, about the alien's work in the field for which certification is sought, which shall include the title, date, and author of such published material;

(iv) Evidence of the alien's participation on a panel, or individually, as a judge of the work of others in the same or in an allied field of specialization to that for which certification is sought;

(v) Evidence of the alien's original scientific or scholarly research contributions of major significance in the field for which certification is sought;

(vi) Evidence of the alien's authorship of published scientific or scholarly articles in the field for which certification is sought, in international professional journals or professional journals with an international circulation;

(vii) Evidence of the display of the alien's work, in the field for which certification is sought, at artistic exhibitions in more than one country.

Title 20, Code of Federal Regulations, §656.10(d) states, in part:

(1) In applications filed under §§ 656.15 (Schedule A), 656.16 (Sheepherders), 656.17 (Basic Process), 656.18 (College and University Teachers), and 656.21 (Supervised Recruitment), the employer must give notice of the filing of the Application for Permanent Employment Certification and be able to document that notice was provided, if requested by the Certifying Officer, as follows:

(i) To the bargaining representative(s) (if any) of the employer's employees in the occupational classification for which certification of the job opportunity is sought in the employer's location(s) in the area of intended employment. Documentation may consist of a copy of the letter and a copy of the Application for Permanent Employment Certification form that was sent to the bargaining representative.

(ii) If there is no such bargaining representative, by posted notice to the employer's employees at the facility or location of the employment. The notice shall be posted for at least 10 consecutive business days. The notice must be clearly visible and unobstructed while posted and must be posted in conspicuous places where the employer's U.S. workers can readily read the posted notice on their way to or from their place of employment. Appropriate locations for posting notices of the job opportunity include locations in the immediate vicinity of the wage and hour notices required by 29 CFR 516.4 or occupational safety and health notices required by 29 CFR

The University of Chicago – Department of Organismal Biology & Anatomy
Page 4

> 1903.2(a). In addition, the employer must publish the notice in any and all in-house media, whether electronic or printed, in accordance with the normal procedures used for the recruitment of similar positions in the employer's organization. The documentation requirement may be satisfied by providing a copy of the posted notice and stating where it was posted, and by providing copies of all the in-house media, whether electronic or print, that were used to distribute notice of the application in accordance with the procedures used for similar positions within the employer's organization.

(3) The notice of the filing of an Application for Alien Employment Certification must:

> (i) State the notice is being provided as a result of the filing of an application for permanent alien labor certification for the relevant job opportunity;

> (ii) State any person may provide documentary evidence bearing on the application to the Certifying Officer of the Department of Labor.

> (iii) Provide the address of the appropriate Certifying Officer; and

> (iv) Be provided between 30 and 180 days before filing the application.

(6) If an application is filed under the *Schedule A* procedures at § 656.15… the notice must contain a description of the job and rate of pay, and must meet the requirements of this section.

The petition was accompanied by a notice of filing that the petitioner attests was posted from April 26, 2007 through May 8, 2007. Although 20 CFR Section 656.10 does not define the term "business day" for the purposes of posting, the Service will use a definition of business day as defined by Black's Law Dictionary:

> Business Day: A day that most institutions are open for business, usually a day on which banks and major stock exchanges are open, excluding Saturdays and Sundays.

Four of the thirteen days that the notice was posted were either Saturday or Sunday. Thus, the notice was posted for nine business days, not the required ten business days. Therefore, the petition is not accompanied by a proper application for labor certification, and the petition must be and hereby is denied.

Additionally, the petition was accompanied by a notice of filing that listed a range of pay from $48,000 to $55,000 per hour. However, the prevailing wage determination submitted with the petition indicates that the prevailing wage for the occupation in the area indicated is $53,082 per year. The notice of filing lists a range of wages where the low end of the range is less than the prevailing wage listed on your determination. Since the employer may not offer an alien less than the prevailing wage, the Service finds that the petitioner did not make proper notice. For this additional reason, the petition is not accompanied by a proper application for labor certification, and the petition must be and hereby is denied.

The purpose of the posting regulation is to provide a meaningful opportunity for U.S. workers to compete for the position and to assure that the wages and working conditions of the U.S. workers similarly employed will not be adversely affected by the employment of aliens in Schedule A occupations.

The University of Chicago – L ,artment of Organismal Biology & Anatomy
Page 5


Title 8, Code of Federal Regulations, Part 103.2(b)(8) states in pertinent part, "If the record evidence establishes ineligibility, the application or petition will be denied on that basis."

The notice of filing an application for labor certification does not comply with the regulatory requirements, and as proper notice must have been provided between 30 and 180 days prior to the filing of the application, this deficiency cannot now be overcome by the posting of a corrected notice. The petitioner is not precluded from filing a new petition accompanied by the required evidence.

Although the petition is denied for the two reasons described above, the following additional four deficiencies are noted:

**Exceptional Ability –USCIS regulations**
The record does not establish that the position requires an alien of exceptional ability under 8 CFR §204.5(k)(3)(ii). Additionally, the record does not establish that the beneficiary possesses exceptional ability under 8 CFR §204.5(k)(3)(ii).

**Exceptional Ability -Department of Labor, Schedule A, Group II regulations**
Furthermore, the record does not establish that the beneficiary is a person of exceptional ability for the purpose of Group II certification as described in 20 CFR §656.15(d)(1). Additionally the evidence does not establish that the beneficiary's work in the past year or intended work in the United States requires a person of exceptional ability as described in 20 CFR §656.15(d)(1).

However, as the petition must be denied on the other two grounds, these four grounds need not be further discussed.

The burden of proof in these proceedings rests solely with the petitioner under §291 of the Act, 8 U.S.C. §1361. In this case the petitioner has not sustained that burden.

**RIGHT TO APPEAL:** If you wish to appeal this decision, you may do so. Your Notice of Appeal or Motion, Form I-290B, must be filed with the Nebraska Service Center, P. O. Box 82521, Lincoln, NE 68501-2521. Your Form I-290B must be filed within 30 days from the date of this notice (33 days if this notice was received by mail) with the appropriate filing fee required by Title 8, Code of Federal Regulations, Part 103.7 and a brief or other written statement in support of your appeal. If no appeal is filed within the time allowed, this decision is final. Do not send your appeal directly to the Administrative Appeals Office. Current fee information is available online at www.uscis.gov or by calling the National Customer Service Center (NCSC) at 800-375-5283.

Sincerely,

*F. Gerard Heinauer*

F. Gerard Heinauer
Director

NSC/RSS 807 RS

Enclosure: Form I-290B

## NOTICE OF FILING OF APPLICATION UNDER THE U.S. DEPARTMENT OF LABOR'S PERMANENT LABOR CERTIFICATION PROGRAM

An application concerning the employment of one or more alien workers for the following permanent position will be filed with the Department of Labor (for non-Schedule A positions) or with the Department of Homeland Security (for Schedule A positions). This Notice of Filing will be posted for 10 consecutive business days, ending between 30 and 180 days before filing the permanent labor certification application.

**POSITION TITLE:** Clinical Research Technologist

**POSITION DUTIES:** Conduct laboratory research and analyze findings in project investigating epileptogenesis. Involves performing patch, sharp and extracellular electrophysiology of human & mouse tissue. Responsible for EEG data collection in adults and children, and quantitative analysis using nonlinear systems tools. Will use Axoclamp, Igor, and Matlab softwares. Maintains organotypic brain culture of tissue samples, and performs survival surgery. B.A. in Biological Sciences required & 5 years experience in job offered or 5 years experience in position using electrophysiology & EEG in pediatric patients required. 40hrs/wk. 9-5. Location: Chicago, IL. University of Chicago-Dept. of Organismal Biology & Anatomy. Fax resume to 312-803-5112. No calls.

**RATE OF PAY:** $55,000.00 per year. (The employer will pay or exceed the prevailing wage, as determined by the U.S. Department of Labor)

**LOCATION OF EMPLOYMENT:** University of Chicago – Department of Organismal Biology & Anatomy 1027 E 57th Street, A107, Chicago, IL 60637

This notice is provided in compliance with 20 CFR 656.10(d). Any person may provide documentary evidence bearing on the application to the Certifying Officer of the U.S. Department of Labor holding jurisdiction over the location of the proposed employment:

Illinois Department of Employment Security
ALIEN CERTIFICATION UNIT
33 South State Street, 8th Floor
Chicago, Illinois 60603

Regional Certifying Officer
U.S. Department of Labor
Employment & Training Administration
230 South Dearborn Street
Chicago, IL 60604

This notice is being provided to workers in the place of intended employment by the following means:

☑ Posting a clearly visible and unobstructed notice, for **at least ten (10) consecutive business days**, in conspicuous location(s) in the workplace, where the employer's U.S. workers can readily read the posted notice, including but not limited to locations in the immediate vicinity of the wage and hour notices

### AND

☑ Publishing the notice in any and all in-house media, whether electronic or printed, in accordance with the normal procedures used for the recruitment of similar positions in the employer's organization.

**DATE POSTED:** 7/28/08

**DATE REMOVED:** 8/11/08

**LOCATIONS WHERE THE NOTICE WAS POSTED:** Anatomy Bulletin Board

**MEANS OF IN-HOUSE NOTICE, if applicable:** _____

**EXPLANATION OF ANY LACK OF IN-HOUSE NOTICE:**

In-house print memo was distributed to 100 employees because the University. He does not allow the format of the internal posting to be used online.

14

I attest, under penalty of perjury, that the above notice was provided as shown.

_Tom Vloedman / Adman_
PRINTED NAMED AND TITLE

SIGNATURE

DATE: _7/28/08_

### NOTICE OF FILI…  OF APPLICATION UNDER THE U.S. DE…RTMENT OF LABOR'S PERMANENT LABOR CERTIFICATION PROGRAM

An application concerning the employment of one or more alien workers for the following permanent position will be filed with the Department of Labor (for non-Schedule A positions) or with the Department of Homeland Security (for Schedule A positions). This Notice of Filing will be posted for 10 consecutive business days, ending between 30 and 180 days before filing the permanent labor certification application.

**POSITION TITLE:** Clinical Research Technologist

**POSITION DUTIES:** Conduct laboratory research and analyze findings in project investigating epileptogenesis. Involves performing patch, sharp and extracellular electrophysiology of human & mouse tissue. Responsible for EEG data collection in adults and children, and quantitative analysis using nonlinear systems tools. Will use Axoclamp, Igor, and Matlab softwares. Maintains organotypic brain culture of tissue samples, and performs survival surgery. B.A. in Biological Sciences required & 5 years experience in job offered or 5 years experience in position using electrophysiology & EEG in pediatric patients required. 40hrs/wk. 9-5. Location: Chicago, IL. University of Chicago-Dept. of Organismal Biology & Anatomy. Fax resume to 312-803-5112. No calls.

**RATE OF PAY:** $55,000.00 per year. (The employer will pay or exceed the prevailing wage, as determined by the U.S. Department of Labor)

**LOCATION OF EMPLOYMENT:** University of Chicago – Department of Organismal Biology & Anatomy 1027 E 57th Street, A107, Chicago, IL 60637

This notice is provided in compliance with 20 CFR 656.10(d). Any person may provide documentary evidence bearing on the application to the Certifying Officer of the U.S. Department of Labor holding jurisdiction over the location of the proposed employment:

Illinois Department of Employment Security
ALIEN CERTIFICATION UNIT
33 South State Street, 8th Floor
Chicago, Illinois 60603

Regional Certifying Officer
U.S. Department of Labor
Employment & Training Administration
230 South Dearborn Street
Chicago, IL 60604

This notice is being provided to workers in the place of intended employment by the following means:

☑ Posting a clearly visible and unobstructed notice, for **at least ten (10) consecutive business days**, in conspicuous location(s) in the workplace, where the employer's U.S. workers can readily read the posted notice, including but not limited to locations in the immediate vicinity of the wage and hour notices

**AND**

☑ Publishing the notice in any and all in-house media, whether electronic or printed, in accordance with the normal procedures used for the recruitment of similar positions in the employer's organization.

**DATE POSTED:** 7/28/08

**DATE REMOVED:** 8/11/08

**LOCATIONS WHERE THE NOTICE WAS POSTED:** Culver Bulletin Board .

**MEANS OF IN-HOUSE NOTICE, if applicable:**

**EXPLANATION OF ANY LACK OF IN-HOUSE NOTICE:**
In-house print memo was distributed to 100 employees because the University HR does not allow the format of the internal posting to be used online

16

I attest, under penalty of perjury, that the above notice was provided as shown.

Tom Vloedman / Admin.
PRINTED NAMED AND TITLE

SIGNATURE

DATE: _7/28/08_____



# The University of Chicago
### Pritzker School of Medicine
### Department of Organismal Biology & Anatomy

1027 East 57th Street
Anatomy: 104
Chicago, Illinois   60637-1508

*Dr. Jan-Marino Ramirez*
*Professor and Chair*

*Phone:  773-702-3713*
*Fax:    773-702-0037*
*jramire@uchicago.edu*

**August 1, 2008**

### NOTICE OF FILING OF APPLICATION UNDER THE U.S. DEPARTMENT OF LABOR'S PERMANENT LABOR CERTIFICATION PROGRAM

An application concerning the employment of one or more alien workers for the following permanent position will be filed with the Department of Labor (for non-Schedule A positions) or with the Department of Homeland Security (for Schedule A positions). This Notice of Filing will be posted for 10 consecutive business days, ending between 30 and 180 days before filing the permanent labor certification application.

**POSITION TITLE:** Clinical Research Technologist
**POSITION DUTIES:** Conduct laboratory research and analyze findings in project investigating epileptogenesis. Involves performing patch, sharp and extracellular electrophysiology of human & mouse tissue. Responsible for EEG data collection in adults and children, and quantitative analysis using nonlinear systems tools. Will use Axoclamp, Igor, and Matlab softwares. Maintains organotypic brain culture of tissue samples, and performs survival surgery. B.A. in Biological Sciences required & 5 years experience in job offered or 5 years experience in position using electrophysiology & EEG in pediatric patients required. 40hrs/wk. 9-5. Location: Chicago, IL. University of Chicago-Dept. of Organismal Biology & Anatomy. Fax resume to 312-803-5112. No calls.
**RATE OF PAY:** $55,000.00 per year. (The employer will pay or exceed the prevailing wage, as determined by the U.S. Department of Labor)
**LOCATION OF EMPLOYMENT:** University of Chicago – Department of Organismal Biology & Anatomy 1027 E 57th Street, A107, Chicago, IL 60637

This notice is provided in compliance with 20 CFR 656.10(d). Any person may provide documentary evidence bearing on the application to the Certifying Officer of the U.S. Department of Labor holding jurisdiction over the location of the proposed employment:

Illinois Department of Employment Security
ALIEN CERTIFICATION UNIT
33 South State Street, 8th Floor
Chicago, Illinois  60603

Regional Certifying Officer
U.S. Department of Labor
Employment & Training Administration
230 South Dearborn Street
Chicago, IL  60604

This notice is being provided to workers in the place of intended employment by the following means:

- ☐ Posting a clearly visible and unobstructed notice, for **at least ten (10) consecutive business days**, in conspicuous location(s) in the workplace, where the employer's U.S. workers can readily read the posted notice, including but not limited to locations in the immediate vicinity of the wage and hour notices

### AND

- ☐ Publishing the notice in any and all in-house media, whether electronic or printed, in accordance with the normal procedures used for the recruitment of similar positions in the employer's organization.

18



.5. Department of Homeland Security
20 Massachusetts Avenue, NW
Washington, DC 20529

**U.S. Citizenship
and Immigration
Services**

HQPRD70/8.5

# Interoffice Memorandum

To:     REGIONAL DIRECTORS
        SERVICE CENTER DIRECTORS
        NATIONAL BENEFIT CENTER
        DIRECTOR, OFFICER DEVELOPMENT TRAINING FACILITY, GLYNCO
        DIRECTOR, OFFICER DEVELOPMENT TRAINING FACILITY, ARTESIA

From:   William R. Yates  /S/
        Associate Director
        Operations

Date:   09/23/05

Re:     Current Processing of Pending Forms I-140 for a Schedule A/Group I or II Occupations
        Missing Evidence of Compliance with U.S. Department of Labor (DOL) Notification/Posting
        Requirements and Guidance Effective March 28, 2005 pursuant to new DOL regulations at 20 CFR
        Part 656 Regarding the New Process for Blanket Labor Certification for Schedule A

        Revisions to *Adjudicator's Field Manual* (*AFM*) Chapters 22.2(b)(3)(C) and
        22.2(b)(7) (AFM Update AD 05-08)

This memorandum revises Chapters 22.2(b)(3)(C) and 22.2(b)(7) of the *Adjudicator's Field Manual* (*AFM*),
superseding USCIS Interoffice Memorandum, Guidance for Processing Pending Forms I-140 for a Schedule
A/Group I or II <u>Occupations Missing Evidence of Compliance with DOL Notification/Posting</u> Requirements,
dated December 23, 2004. Based on consultation with the U.S. Department of Labor (DOL) Employment and
Training Administration, and DOL regulations dated December 27, 2004, this memorandum provides interim
policy guidance regarding the notice of posting that is required in support of I-140 petitions filed on behalf of
Schedule A beneficiaries <u>before March 28, 2005</u>. The guidance relating to I-140s filed before March 28,
2005 is prospective. In addition, guidance regarding the evidentiary requirements for Form I-140 Schedule A
petitions <u>filed on or after March 28, 2005</u> is also provided. Note that Chapter 22.2 was originally designated
as Chapter 22.7.

Questions regarding this memorandum may be directed through appropriate channels to Service Center
Operations.

Adjudication of Schedule A Group I I-140 Petitions

Revisions to *Adjudicator's Field Manual* (*AFM*) Chapters 22.2(b)(3)(C) and
22.2(b)(7) (*AFM* Update AD 05-08)                                        Page 2

Please ensure that appropriate personnel within your jurisdiction are aware of this update.
Accordingly, the *AFM* is revised as follows:

☞ 1.   Chapter 22.2(b)(3)(C) is revised to read:

(C)    Schedule A Blanket Labor Certifications. Schedule A is a list of pre-certified occupations
codified in  20 CFR 656.10 and 20 CFR 656.22 for which the  Secretary of the Department of Labor
previously has determined that there are not sufficient U.S. workers who are able, willing, qualified
and available and that the wages and working conditions of U.S. workers similarly employed will not
be adversely affected by the employment of aliens in such occupations. The IMMACT '90
amendments to the Immigration and Nationality Act (Act) gave separate visa classifications to some
groups that previously were included in Schedule A.  As a result, DOL eliminated these groups from
Schedule A, leaving only Group I, registered nurses and physical therapists, and Group II, aliens of
exceptional ability.

The use of the terms "extraordinary" and "exceptional" ability in both the Immigration and Nationality
Act and the DOL regulations resulted in considerable confusion.  In writing the regulations for
employment based immigrants, it was determined that Congress intended for the "extraordinary
ability" classification to be comparable to DOL's "exceptional ability" standard in Schedule A, Group
II.  "Exceptional ability" as used in the Act is a less restrictive standard. The evidentiary
requirements for the two classifications reflect this interpretation.

PETITIONS FILED PRIOR TO MARCH 28, 2005:

In order to apply for certification under Schedule A for petitions filed before March 28, 2005, the
petitioner should complete and submit:

- The Form I-140 petition, with appropriate filing fees,

- An uncertified Form ETA-750 A and B, in duplicate, signed in the original by an authorized
  official of the petitioning entity and by the alien,

- A copy of the posted notice, and

- For Form I-140 petitions filed for registered nurses, an unrestricted permanent license to
  practice nursing in the state of intended employment, CGFNS certificate issued by the
  Commission on Graduates of Foreign Nursing Schools or evidence that the alien has passed
  the National Council Licensure Examination for Registered Nurses (NCLEX-RN), administered
  by the National Council of State Boards of Nursing

Adjudication of Schedule A Group I I-140 Petitions

Revisions to *Adjudicator's Field Manual* (*AFM*) Chapters 22.2(b)(3)(C) and
22.2(b)(7) (*AFM* Update AD 05-08)                                                    Page 3

- For Form I-140 petitions filed for physical therapists, a permanent license to practice in the state of intended employment or a letter or statement, signed by an authorized state physical therapy licensing official in the state of intended employment, stating that the beneficiary is qualified to take that state's written licensing examination for physical therapists.

For Form I-140 petitions filed before March 28, 2005, the DOL regulations 20 CFR 656.22(b)(2) and 656.20(g)(1) require that an employer provide notice of the position(s) it seeks to fill under Schedule A, Group I or II, to the bargaining representative or, if there is no such representative, to the employer's employees via a notice that must be posted for at least 10 consecutive days at the facility or location of the employment. In connection with the adjudication of Forms I-140 for occupations listed in Schedule A/Group I (nurses and physical therapists) or Group II (aliens of exceptional ability in the sciences or arts), USCIS requires evidence of compliance with DOL's notification requirements.

In order to be in compliance with DOL's notification requirements, the notice must be posted for at least 10 consecutive days. The notice must be clearly visible and unobstructed while posted and be posted in conspicuous places, where the employer's U.S. workers can readily read the posted notice on their way to or from their place of employment. The location of employment for notification purposes must be at the location where the alien beneficiary is actually going to be physically working, e.g., for a Schedule A nurse, the hospital or other facility where the alien beneficiary will be providing services, and not at the corporate headquarters or other office of the employer.

The notice must contain a description of the job and rate of pay and state that the notice is being provided as a result of the filing of an application for permanent alien labor certification for the relevant job opportunity. The notice must also state that any person may provide documentary evidence bearing on the Schedule A labor certification application to the appropriate DOL office with jurisdiction over the location where the alien beneficiary will be physically working.

In light of the prolonged period of time in which many Schedule A petitions have been awaiting adjudication for cases filed with the Service prior to March 28, 2005, where a petitioner has failed to provide evidence of compliance with the posting requirements at the time of filing the Form I-140, adjudicators should issue a request for evidence (RFE) that requests evidence of compliance with DOL's notification requirements in the form of a notice of posting that conforms to the conditions noted above. If all posting requirements are met and the notice has been posted the requisite 10 days prior to the date of the RFE response, the posting will be considered timely for adjudication purposes. Issuing an RFE for this documentation is preferable to the issuance of a notice of intent to deny (NOID), so as to minimize the impact on Service Center resources as opposed to the more resource intense process for the issuance of an NOID. Note: the issuance of an RFE specified in this memorandum supercedes the guidance provided in the December 23, 2004 memorandum instructing Service officers to issue a NOID.

Adjudication of Schedule A Group I I-140 Petitions

Revisions to *Adjudicator's Field Manual* (*AFM*) Chapters 22.2(b)(3)(C) and
22.2(b)(7) (*AFM* Update AD 05-08)                                           Page 4

## PETITIONS FILED ON OR AFTER MARCH 28, 2005:

DOL Regulations Effective March 28, 2005:  On December 27, 2004, DOL published a final rule,
Labor Certification for the Permanent Employment of Aliens in the United States: Implementation of
New System, which significantly restructures the permanent labor certification process.  This final
rule deletes the current language of 20 CFR part 656 and replaces the part in its entirety with new
regulatory text, effective on March 28, 2005.

On March 28, 2005, DOL effectively amended its regulations governing the filing and processing of
labor certification applications for the permanent employment of aliens in the United States to
implement a new system for filing and processing such applications.  Many of the evidentiary
requirements relating to Schedule A petitions have been changed as of that date.

Schedule A Requirements for petitions filed on or after March 28, 2005:

Pursuant to new 20 CFR 656.10 and 20 CFR 656.15, in order to apply for certification under
Schedule A for petitions filed on or after March 28, 2005, the petitioner should complete and submit:

- The Form I-140 petition, with appropriate filing fees,

- An uncertified Form ETA-9089, in duplicate, signed in the original by an authorized official of the
  petitioning organization, the alien, and the representative, if any,

- A Wage Determination issued by the State Workforce Agency (SWA) having jurisdiction over
  the proposed area where the job opportunity exists,

- A copy of the posted notice, and

- Copies of any and all in-house media, whether electronic or printed, in accordance with the
  normal procedures used for the recruitment of similar positions to the position specified in the
  Form 9089 in the employer's organization.

- For petitions filed for registered nurses, a full unrestricted permanent license to practice nursing
  in the state of intended employment, CGFNS certificate issued by the Commission on
  Graduates of Foreign Nursing Schools or evidence that the alien has passed the National
  Council Licensure Examination for Registered Nurses (NCLEX-RN), administered by the
  National Council of State Boards of Nursing.

- For petitions filed for physical therapists, a permanent license to practice in the state of intended
  employment or, a letter or statement, signed by an authorized state physical therapy licensing

22

Adjudication of Schedule A Group I I-140 Petitions

Revisions to *Adjudicator's Field Manual (AFM)* Chapters 22.2(b)(3)(C) and
22.2(b)(7) (*AFM* Update AD 05-08)                                        Page 5

official, stating that the beneficiary is qualified to take that state's written licensing examination for physical therapists.

New Labor Certification Form:  Pursuant to the new 20 CFR 656.17, the Application for Permanent Employment Certification (ETA Form 9089) will be replacing the Application for Alien Employment Certification (Form ETA-750).  The Form 9089 should be provided in duplicate, signed in the original by an authorized official of the petitioning entity, the alien, and the representative, if any, to USCIS in support of Schedule A, Form I-140 petitions.  In the event that the Form I-140 petition is approved, one copy of the Form ETA-9089 must be forwarded by USCIS to the Chief, Division of Foreign Labor Certification, identifying the occupation, the Immigration Officer who made the determination, and the date of the determination, see 20 CFR 656.15(f).

Validation Date for ETA-9089 and Scope of Validity:  20 CFR 656.30(b)(2) specifies that an ETA-9089 Labor Certification for a Schedule A occupation will be validated as of the date the application is dated by the USCIS Adjudications Officer.

State Prevailing Wage Determination:  In accordance with 20 CFR 656.15(b)(i), the Form 9089 provided with the Form I-140 from the petitioning employer must be accompanied by a prevailing wage determination issued by the SWA having jurisdiction over the proposed area where the job opportunity exists, see 20 CFR 656.40 and 20 CFR 656.41.  The petitioner will request a prevailing wage determination from the appropriate SWA using the form required by the state where the job opportunity exists.

A completed SWA form must reflect the date on which the SWA made the prevailing wage determination in order for it to be valid for purposes of being submitted to USCIS together with the Form 9089 in support of a Form I-140 petition. A properly completed SWA, in all cases, must specify on its face the validity of the prevailing wage, and the date on which the SWA made the determination. At the date of filing the Form I-140, for a supporting SWA wage determination to be valid, the ending validity date of the SWA determination may not be less than 90 days or more than 1 year from the date of the SWA determination at the time of filing with USCIS.  The purpose of the validity date for the prevailing wage determination is to ensure that the prevailing wage determination is reflective of the wages being offered for comparable positions in the location where the job offer exists at the time that the Form I-140 petitioner recruits the alien worker.

For the purposes of evaluating the validity of the petitioner's proffered wage, be advised that the past practice of allowing a 5 percent variance of the wage actually paid relative to the prevailing wage has been eliminated by the enactment of the H-1B Visa Reform Act of 2004, contained in Public Law 108-447.  This Act amended the INA (Section 212(p)(3), 8 USC 1182(p)(3)) by specifying that "…the prevailing wage required to be paid pursuant to 212(a)(5)(A), (n)(1)(A)(i)(II) and (t)(1)(A)(i)(II) shall be 100 percent of the wage determined pursuant to those sections." Therefore, the prevailing wage to be paid must be no less than 100 percent of the prevailing wage determination.

Adjudication of Schedule A Group I I-140 Petitions

Revisions to *Adjudicator's Field Manual* (*AFM*) Chapters 22.2(b)(3)(C) and
22.2(b)(7) (*AFM* Update AD 05-08)                                    Page 6

Labor Application Notice:  In order to comply with 20 CFR 656.10(d), the petitioner must give notice of the filing of the Application for Permanent Employment Certification and be able to document that notice was provided to either:

1.  The bargaining representative(s) (if any) of the employer's employees in the occupational classification for which certification of the job opportunity is sought in the employer's location(s) in the area of intended employment,   (documentation of this may consist of a copy of the letter that was sent to the bargaining representative(s) and a copy of the Application for Permanent Employment), or

2.  If there is no such bargaining representative, by posted notice to the employer's employees at the facility or physical location of the employment.  Such notice:

   •  must be posted for at least 10 consecutive business days;

   •  must be clearly visible and unobstructed while posted; and

   •  must be posted in conspicuous places within the location of the job where the employer's U.S. workers can readily read the posted notice on their way to or from their place of employment.  (**Note:** The location of employment for notification purposes must be at the location where the alien beneficiary is actually going to be physically employed such as the hospital or other facility where the beneficiary will be directly providing services, and not at the corporate headquarters or other office of the employer.)

   •  In addition, the employer must publish the notice in any and all in-house media, whether electronic or printed, in accordance with the normal procedures used for the recruitment of similar positions in the employer's organization. The documentation requirement in support of the I-140 petition may be satisfied by providing a copy of the posted notice and an attestation executed by an authorized official of the employer that identifies the physical location(s) where the notice was posted, and the date of publishing of all in-house media, whether electronic or print, that were used to distribute notice of the application in accordance with the procedures used for similar positions within the employer's organization.

The notice must state that it is being provided as a result of the filing of an application for permanent alien labor certification for the relevant job opportunity.  It must also state that any person may provide documentary evidence bearing on the Schedule A labor certification application to the DOL office with jurisdiction over the location where the alien beneficiary will be physically working.

Adjudication of Schedule A Group I I-140 Petitions

Revisions to *Adjudicator's Field Manual* (*AFM*) Chapters 22.2(b)(3)(C) and
22.2(b)(7) (*AFM* Update AD 05-08)                                          Page 7

Pursuant to 20 CFR 656.10(d)(3)(iv), such notice must be posted between <u>30 days and 180 days</u>
<u>prior to the filing of the Form I-140 petition</u>.  Adjudicators should deny the Form I-140 and any
concurrently filed I-485 in instances where the notice was not posted between 30 and 180 days
prior to the filing of the petition.

Lastly, in the case of a private household, notice is required only if the household employs one or
more U.S. workers at the time the application for labor certification is filed.

Remember that qualifying for Schedule A means only that the labor certification requirement has
been met. You must make a separate determination on the alien's qualification for the specific visa
classification requested.  The minimum requirements in Schedule A cases as listed in Item 14 and
15 of Part A of the ETA-750 for petitions filed before March 28, 2005 and in Item H of the ETA-9089
for petitions filed on or after March 28, 2005 may not be a true reflection of the actual education,
training and experience needed to perform the job.  In many cases a petitioner will give this
particular alien's qualifications rather than actual minimum requirements and because the labor
certification form is sent directly to USCIS, this will not be reviewed first by DOL and corrected
through DOL involvement.  This point is important because many classifications require that the
petitioner establish that the position <u>requires</u> a person of a particular caliber.  As long as the **duties**
shown on the labor certification application are appropriate for a position that requires licensure as
a registered nurse, the petition should not be denied and a request for evidence need not be sent to
confirm the precise minimum job requirements.

☞ 2.  Chapter 22.2(b)(7) is revised to read:

(7)     <u>Licensure.</u>

(A) General. Neither the statute nor the regulations require that the beneficiary of an employment-
based petition be able to engage in the occupation immediately. There are often licensing and other
additional requirements that an alien must meet before he or she can actually engage in the
occupation. Unless needed to meet the requirements of a labor certification, such considerations
are not a factor in the adjudication of the petition.

(B) Physical Therapists:  The petitioner must provide evidence that the alien holds a permanent
license to practice in the state of intended employment or, a letter or statement, signed by an
authorized state physical therapy licensing official in the state of intended employment, stating that
the beneficiary is qualified to take that state's written licensing examination for physical therapists.

(C) Registered Nurses. It should be noted that in the case of Schedule A registered nurses, there
are three avenues by which a beneficiary may qualify as a professional nurse pursuant to 20 CFR
656.15(c)(2):  The petitioner must provide evidence that the beneficiary:

Adjudication of Schedule A Group I I-140 Petitions

Revisions to *Adjudicator's Field Manual* (*AFM*) Chapters 22.2(b)(3)(C) and
22.2(b)(7) (*AFM* Update AD 05-08)                                              Page 8

1. Has a Certificate from the Commission on Graduates of Foreign Nursing Schools (CGFNS). The alien must have received the CGFNS certificate. Proof that the alien has passed the CGFNS nursing skills examination is not sufficient, as the nursing skills examination alone does not verify that the alien has a level of proficiency in the English language to perform the duties of a registered nurse in the United States.

2. Holds a full and unrestricted permanent license to practice professional nursing in the state of intended employment. A temporary license to practice nursing in the state of intended employment is not sufficient; or

3. Has passed the National Council Licensure Examination for Registered Nurses (NCLEX-RN), administered by the National Council of State Boards of Nursing.

The instruction in this guidance affects the adjudication of Form I-140 petitions only and makes no change to the requirements for adjustment of status or an immigrant visa for a professional nurse or physical therapist.

☞ 3. The AFM Transmittal Memoranda button is revised by adding a new entry, in numerical order, to read:

| AD 05-08 [INSERT SIGNATURE DATE OF THIS MEMO] | Chapters 22.2(b)(3)(C) and 22.2(b)(7) | This memorandum revises Chapters 22.2(b)(3)(C) and 22.2(b)(7) of the *Adjudicator's Field Manual* (*AFM*) to provide policy and procedural clarification on the adjudication of Schedule A Form I-140 Petitions |

cc:     USCIS Headquarters Directors
        Bureau of Immigration and Customs Enforcement
        U.S. Customs and Border Protection


## AILA InfoNet
American Immigration Lawyers Association

## USCIS Instructs on Postings for Schedule A Applications

Cite as "AILA InfoNet Doc. No. 04122864 (posted Dec. 28, 2004)"

USCIS's Service Center Operations section (SCOPS) has advised AILA's SCOPS Liaison Chair, Greg Adams, that the service centers have been instructed to issue Notices of Intent to Deny (NOIDs) if a Schedule A application is missing evidence of compliance with the posting/union notification requirement contained in DOL regulations. However, the petitioner need only provide evidence of compliance with the posting/notification requirement as of the date of the response to the NOID, not the filing date of the I-140.

This reverses the practice of some service centers, which had been to deny the application if the posting/notification was not completed as of the date the I-140 was filed.

The memo containing this instruction will be placed on InfoNet when USCIS provides it for posting.

Copyright © 1993–2008, American Immigration Lawyers Association.
Suite 300, 1331 G Street, NW, Washington, DC 20005
Copyright & Reprint Policy

27

## 22.2 Employment-based Immigrant Visa Petitions (Form I-140)

In an employment-based immigrant visa petition, an employer must demonstrate to USCIS that the alien beneficiary is a foreign national qualified for the immigrant classification sought. If the immigrant petition is based on an underlying certified labor certification application, the employer must demonstrate that the alien beneficiary is qualified for the position certified by the Department of Labor (DOL). However, as discussed in more detail later in this Chapter, there are several immigrant classific ations that do not require the employer to first obtain labor certification. In addition, in certain classifications, the alien beneficiary is able to self-petition for the classification sought. Below is a discussion of the initial steps that should be taken when adjudicating all employment-based immigrant petitions. A more detailed discussion of the specific immigrant classifications follows.

**(a) Adjudication Procedures .** Detailed procedures for the receipting and adjudicating of **Form I-140** are set forth in the **I-140 Standard Operating Procedures** (I-140 SOPs).

(1) Form . Employment-based petitions seeking classification under **section 203(b)(1)** , **section 203(b)(2)** , or **section 203 (b)(3)** of the Act are filed on **Form I-140** (Immigrant Petition for Alien Worker) with the appropriate fee as specified in 8 CFR 103(a)(7).

(2) Filing . Form I-140 must be filed with the appropriate Service Center as specified in the instruction to that form. If an immigrant visa is available for the petition's priority date (see section (c) of this chapter), and the beneficiary is otherwise eligible for adjustment of status, an Application to Register Permanent Residence or Adjust Status ( **Form I-485** ) may be filed concurrently with the I-140 petition.

(3) Initial Processing . Regardless of the classification sought, there are several common steps taken to initiate processing of the petition:

- Verify that the fee has been paid;

- Verify that the signature in Part 8 matches the petitioner's name in Part 1;

- Check the classification in Part 2. Some classifications allow that the alien or anyone on the alien's behalf may file the petition; others require that the employer file it. Check at this point to see that the petition has been filed by the correct person;

- Review the documentation to see that the alien qualifies for the classification requested and that any required labor certification is attached. If documents are missing or insufficient to establish eligibility for the classification, process and issue a request for evidence (RFE) as provided for in 8 CFR 103.2(b)(8) . Be sure your request is as specific as possible to eliminate future additional RFEs.

**(b) General I-140 Petition Adjudication Issues .** [Revised 01-23-2007] The issues discussed in this subchapter pertain to the adjudication of **I-140** petitions in general. Additional information on section **203(b)(1)** of the Act (first employment-based preference) issues is contained in subchapter **22.2(i)** of this field manual; on section **203(b)(2)** (second employment-based preference) issues is contained in subchapter **22.2(j)** of this field manual; and on section **203(b)(3)** (third employment-based preference) issues is contained in subchapter **22.2(k)** of this field manual.

28

(1) [5 USC 552(b)(2) and 5 USC 552(b)(7)(E)]

(2) **Job Offers** . In most cases, the beneficiary of an I-140 petition must be the recipient of a job offer from an employer in the United States. As evidence of the job offer, most petitioners who file EB-2 and EB-3 immigrant I-140 petitions must first obtain an individual labor certification from the Department of Labor (DOL). In other cases where the alien is eligible for Schedule A blanket labor certification, labor certification applications are submitted to USCIS with the I-140 petition. In relatively few cases (tho se involving aliens seeking classification under **section 203(b)(1)(A)** , as well as those seeking classification under **section 203(b)(2)** who qualify for a "national interest waiver"), an individual labor certification from DOL and a job offer are not required (see **subchapter 22.2(d)** of this field manual).

(3) **Labor Certifications** . A significant percentage of employment-based immigrant visa petitions are based on labor certification applications approved by the DOL. In adjudicating such petitions, please note that DOL does not generally review the alien beneficiary's qualifications for the position when adjudicating a labor certification application; this authority and responsibility rests with USCIS. Thus, adjudicators must assess these immigrant petitions to ensure that the position offered is the same or similar position that w as certified by the DOL and that the alien beneficiary meets the qualifications for the position. Below is a detailed description of the labor certification application process.

(A) **Applicability** . Priority workers under section **203(b)(1)** are not required to be the beneficiaries of approved labor certifications issued by the DOL; however, aliens seeking immigrant visas pursuant to sections **203(b)(2)** or **203(b)(3)** generally must be the beneficiaries of approved labor certifications. The DOL regulations regarding permanent labor certifications, **20 CFR 656** , are found immediately following **section 204** of the Act in your law books.

(B) Individual Labor Certifications . In general, U.S. employers filing EB-2 and EB-3 employment-based **I-140** petitions must first obtain an approved labor certification application from DOL on behalf of the foreign worker. An approved labor certification application demonstrates that: (1) the employer tested labor market in the geographic area where the permanent job offer is located to establish that there are no able, qualified, and available U.S. workers who are willing to accept the permanent job offer; and (2) the employment of the alien will not adversely affect the wages and working conditions of similar ly employed U.S. workers. (See **212(a)(5)(A)** and **(D)** and **203(b)(3)(C)** of the Act.) DOL has established procedures for obtaining labor certifications under **20 CFR part 656** . 20 CFR part 656 was amended by the DOL PERM final rule published on December 27, 2004, which took effect on March 28, 2005 ( **69 FR 77326** ). Labor certification applications are approved and issued by DOL only after the U.S. employer has complied with DOL advertising and recruiting requirements and has established that there are no able, qualified, and available U.S. workers for the position and has rejected any U.S. job applicants for valid job-related reasons. Approved labor certifications issued by DOL are certified with an official DOL certification stamp and may have a Letter of Labor Certification Determination attached to the front p age of the document.

(C) Labor Certifications Filed with DOL Prior to March 28, 2005. Prior to the effective date of the new PERM regulation (March 28, 2005), U.S. employers filed the Application for Alien Employment Certification, **Form ETA-750** , in order to obtain an approved labor certification. The Form ETA-750 has two parts. Part A focuses on the details of the position being certified and describes the name and address of the U.S. employer, the location of the job opportunity, the proffered wage for the position and the mi nimum education, training, or experience requirements to successfully perform the duties of the position. Part B focuses on the alien beneficiary and contains his or her name, date of birth, address, and describes his or her education, training and work history. A

29

valid, approved Form ETA-750 must be signed by the U.S. employer in Part A and the alien beneficiary in Part B, contain the DOL certification stamp, and be signed and dated by the DOL certifying officer in the endorsements section on the front p age on Part A of the form.

    (D) <u>Implementation of PERM Labor Certification System</u> DOL's permanent labor certification system (PERM) implemented on March 28, 2005 effectively eliminated the old labor certification system whereby employers had an option of filing labor certification applications under supervised recruitment or reduction in recruitment rules. The PERM application **Form ETA-9089** , which can be filed electronically or by mail, replaced the **Form ETA-750** , and is designed to expedite the labor certification process. DOL's National Processing Centers strive to adjudicate electronically filed PERM applications in approximately 30 – 45 days (please note that not all PERM applications are processed within this timeframe, and in certain cases, processing takes substantially longer than the 30 – 45 day period); those applications filed by mail may take significantly longer to process. At the time of the implementation of the PERM system, DOL had approximately 3 65,000 pending labor certification applications that were filed under the old paper-based permanent labor certification process, some of which were filed as long ago as April of 2001. DOL devised the following backlog reduction strategy to address the backlog of Form ETA-750 labor certifications still pending as of March 28, 2005:

    ·   DOL created Backlog Reduction Centers tasked with collecting and processing all of the Form ETA-750 labor certification applications that were pending with the State Workforce Agencies (SWAs) and DOL Regional Offices on or before March 27, 2005. The applications were shipped to the backlog reduction centers where information from the Form ETA-750 was entered into a national tracking system for labor certifications (a process that is still on-going) in order to process them according to DOL guidelines set f orth in **20 CFR 626** prior to March 28, 2005. To every extent possible, the pending Form ETA-750 labor certification applications are processed on a first-in-first-out principal; however, due to a variety of factors, DOL processes some cases out of turn.

    ·   U.S. employers who have not already had a job order placed by the SWA for the original application may withdraw the pending Form ETA-750 labor certification application and re-file under the new PERM system. The PERM filing will retain the priority date of the original filing if DOL determines that all of the elements relating to the job opportunity and the alien beneficiary on the newly filed **Form ETA-9089** labor certification application are identical to the elements specified on the Form ETA-750 (with the exception of the prevailing wage determination.) If the new PERM application is not "identical" to the original filing, the PERM application will be assigned a new priority date.

    (E)   <u>Labor Certifications filed with DOL on or after March 28, 2005.</u> Pursuant to **20 CFR 656.17** , the Application for Permanent Employment Certification ( **Form ETA-9089** ) replaced the Application for Alien Employment Certification ( **Form ETA-750** ) on March 28, 2005. Form ETA-9089 contains all of the pertinent information detailing the specifics of the job offer and the alien beneficiary that were contained in the ETA-750 Part A and Part B. The ETA-9089 may be filed with DOL through the mail or it may be filed electronically. To be valid, the Form ETA-9089 must be signed by the U.S. employer in Section N, the alien beneficiary in Section L, and the form Preparer, if any, in Section M; contain the DOL certification stamp; and be signed and dated by the DOL certifying officer in Section "O." of the form.

**Exception:** Employers filing applications on behalf of aliens to be employed as professional athletes on professional team sports will continue to use special procedures that were put in to place prior to the implementation of the PERM regulations. They will continue to file their applications using the Form ETA-750 and must file the applications at DOL-ETA's national office in Washington, DC. The Form ETA-750 is still available on the DOL-ETA website.

30

U.S. employers commonly, and mistakenly, believe that an approved labor certification means that DOL has also certified that the alien beneficiary named on the labor certification qualifies for the position. This is not accurate, as the authority to determine qualifications for nonimmigrant and immigrant classifications rests with USCIS. An approved labor certification means that the petitioning employer made a good faith effort to test the labor market and demonstrated to DOL that there were no qualified , able, and available U.S. workers for the position. DOL requires a statement of qualifications of the alien and supporting documentation to:

·   Help ensure that the procedure for seeking labor certification is actually based on a need for the services of a specific individual, thereby eliminating the possibility that petitioners or agents will apply for "blanket type" certifications in advance for unknown individuals, just in case an actual need for someone arises, and

·   Help guarantee that the proposed job description on the offer of employment submitted by the petitioner is not tailored to the specific skills, education, or experience of the alien beneficiary, thereby calling into question whether a bona fide job opportunity actually exists.

You must determine whether the beneficiary has met the minimum education, training, and experience requirements of the labor certification at the time the application for labor certification was filed with DOL. You cannot approve a petition for a preference classification if the beneficiary was not fully qualified for the preference by the priority date of the labor certification (See Matter of Katigbak, 14 I. & N. Dec. 45 (R.C. 1971) and Matter of Wing's Tea House, 16 I. & N. Dec. 158 (Acting R.C. 1977).

**(4)** **Schedule A Blanket Labor Certifications and Petitions** . Schedule A is a list of pre-certified occupations codified in **20 CFR 656.10** and **20 CFR 656.22** in the pre-PERM regulations and in 20 CFR 656.5 and 656.15 in the PERM regulations for which the Secretary of the Department of Labor previously has determined that there are not sufficient U.S. workers who are able, willing, qualified and available and that the wages and working conditions of U.S. workers similarly employed will not be adversely affected by the employment of aliens in such occupations. The IMMACT '90 amendments to the Immigration and Nationality Act (Act) gave separate visa classifications to some groups that previously were included in Schedule A. As a result, DOL eliminated these groups from Schedule A, leaving only Group I, registered nurses and physical therapists, and Group II, aliens of exceptional ability. Under th e PERM regulations , the Schedule A, Group II designation is limited to aliens of exceptional ability in the sciences or arts ( **656.5(b)(1)** ) and aliens of exceptional ability in the performing arts ( **656.5(b)(2)** ). Because the PERM regul ations changed various aspects of the Schedule A evidence requirements, the discussion below separately discusses the requirements for pre-PERM and post-PERM filings based on a filing date either before or beginning with March 28, 2005 (the effective date of the PERM regulations) and then provides some policy guidance that applies regardless of filing date.

(A)    Petitions Filed Prior To March 28, 2005 :

In order to apply for certification under Schedule A for petitions filed before March 28, 2005, the petitioner should complete and submit:

·   The Form I-140 petition, with appropriate filing fees,

· An uncertified **Form ETA-750** A and B, in duplicate, signed in the original by an authorized official of the petitioning entity and by the alien,

· A copy of the notice sent to an applicable collective bargaining unit, or a copy of the posted notice posted with attestation of posting for at least ten consecutive calendar days (see general discussion below concerning posting locations and related issues), and

· Evidence of the alien's qualifications:

o  For Form I-140 petitions filed for registered nurses , an unrestricted permanent license to practice nursing in the state of intended employment, CGFNS certificate issued by the Commission on Graduates of Foreign Nursing Schools or evidence that the alien has passed the National Council Licensure Examination for Registered Nurses (NCLEX-RN), administered by the National Council of State Boards of Nursing.

o  For Form I-140 petitions filed for physical therapists , a permanent license to practice in the state of intended employment or a letter or statement, signed by an authorized state physical therapy licensing official in the state of intended employment, stating that the beneficiary is qualified to take that state's written licensing examination for physical therapists.

o  For Form I-140 petitions filed for Schedule A Group II for aliens of exceptional ability , evidence of widespread acclaim and international recognition accorded the alien by recognized experts in the alien's field and evidence that alien's prior and intended work requires exceptional ability.

For Form I-140 petitions filed before March 28, 2005, the pre-PERM DOL regulations at **20 CFR 656.22(b)(2)** and **656.20(g)(1)** required that an employer provide notice of the position(s) it seeks to fill under Schedule A, Group I or II, to the bargaining representative or, if there is no such representative, to the employer's employees via a notice that must be posted for at least 10 consecutive days at the facility or location of the employment.

In order to be in compliance with DOL's notification requirements, the notice must be posted for at least 10 consecutive calendar days. The notice must be clearly visible and unobstructed while posted and be posted in conspicuous places, where the employer's U.S. workers can readily read the posted notice on their way to or from their place of employment. The notice must contain a description of the job and rate of pay and state that the notice is being provided as a result of the filing of an application for permanent alien labor certification for the relevant position. The notice must also state that any person may provide documentary evidence bearing on the Schedule A labor certification application to the appropriate DOL Certifying Officer of holding jurisdiction over the location where the alien beneficiary will be physically working.

In the absence of evidence supporting a petition filed before March 28, 2005, adjudicators should issue a request for evidence (RFE) that requests evidence of compliance with DOL's notification requirements in the form of a notice of posting that conforms to the conditions noted above. If all posting requirements are met and the notice has been posted the requisite 10 days prior to the date of the RFE response, the posting will be considered

timely for adjudication purposes. Issuing an RFE for this documen tation is preferable to the issuance of a notice of intent to deny (NOID), to minimize the impact on Service Center resources as opposed to the more resource intense process for the issuance of an NOID. Note : the issuance of an RFE specified in this memorandum supercedes the guidance provided in the December 23, 2004 memorandum instructing USCIS officers to issue a NOID.

(B)    Petitions Filed On Or After March 28, 2005 :

DOL Regulations Effective March 28, 2005 : On December 27, 2004, DOL published a final rule, Labor Certification for the Permanent Employment of Aliens in the United States; Implementation of New System , which significantly restructures the permanent labor certification process. This final rule deletes the current language of **20 CFR part 656** and replaces the part in its entirety with new regulatory text, effective on March 28, 2005. Many of the evidentiary requirements relating to Schedule A petitions have been changed as of that date.

Pursuant to new **20 CFR 656.10** and **20 CFR 656.15** , in order to apply for certification under Schedule A for petitions filed on or after March 28, 2005, the petitioner should complete and submit:

·    The Form I-140 petition, with appropriate filing fees,

·    An uncertified **Form ETA-9089** , in duplicate, signed in the original by an authorized official of the petitioning organization, the alien, and the representative, if any,

·    A wage determination issued by the State Workforce Agency (SWA) having jurisdiction over the proposed area where the job opportunity exists or by the SWA having jurisdiction over the petitioner's headquarters if the prevailing wage will be derived from the area of the employer's headquarters in the situation of roving employees.

·    A copy of the notice sent to an applicable collective bargaining unit, or a copy of the notice posted with attestation of posting for at least ten consecutive business days within the period between 30 and 180 days preceding the petition filing (see general discussion below concerning posting locations and related issues), and

·    Copies of any and all in-house media, whether electronic or printed, in accordance with the normal procedures used in the employer's organization for the recruitment of similar positions to the position specified in the Form 9089.

·    Evidence of the alien's qualifications:

·    For petitions filed for registered nurses , a full unrestricted permanent license to practice nursing in the state of intended employment; CGFNS certificate issued by the Commission on Graduates of Foreign Nursing Schools; or evidence that the alien has passed the National Council Licensure Examination for Registered Nurses

(NCLEX-RN), administered by the National Council of State Boards of Nursing.

· For petitions filed for <u>physical therapists</u>, a permanent license to practice in the state of intended employment or, a letter or statement, signed by an authorized state physical therapy licensing official, stating that the beneficiary is qualified to take that state's written licensing examination for physical therapists.

· For petitions filed for Schedule A Group II for aliens of <u>exceptional ability</u>, evidence of widespread acclaim and international recognition accorded the alien by recognized experts in the alien's field and evidence that alien's prior and intended work requires exceptional ability.

<u>New Labor Certification Form</u>: Pursuant to the new **20 CFR 656.17**, the Application for Permanent Employment Certification ( **ETA Form 9089** ) has replaced the Application for Alien Employment Certification ( **Form ETA-750** ). In support of Schedule A, Form I-140 petitions, the Form 9089 should be provided in duplicate, signed in the original by an authorized official of the petitioning entity, the alien, and the representative, if any. In the event that the Form I-140 petition is approved, one copy of the **Form ETA-9089** must be forwarded by USCIS to the Chief, Division of Foreign Labor Certification, identifying the occupation, the Immigration Officer who made the determination, and the date of the determination. See **20 CFR 656.15(f)** .

<u>State Prevailing Wage Determination</u>: In accordance with **20 CFR 656.15(b)(i)**, the **Form 9089** provided with the Form I-140 from the petitioning employer must be accompanied by a prevailing wage determination issued by the SWA having jurisdiction over the proposed area where the job opportunity exists. See **20 CFR 656.40** and **20 CFR 656.41** . The petitioner will request a prevailing wage determination from the appropriate SWA using the form required by the state where the job opportunity exists. (See general discussion below concerning posting and prevailing wage locations).

A completed SWA form must reflect the date on which the SWA made the prevailing wage determination in order for it to be valid for purposes of being submitted to USCIS together with the Form 9089 in support of a Form I-140 petition. A properly completed SWA form, in all cases, must specify on its face the validity of the prevailing wage, and the date on which the SWA made the determination, which may not be less than 90 days or more than 1 year from the date of the SWA determination. The Form I-140 must b e filed within this timeframe in order for the prevailing wage determination to be valid. Adjudicators should notify their supervisors in the event the SWA determination is valid for less than 90 days from the date of issuance, and the supervisor will contact the Department of Labor, Employment and Training Administration (ETA) for further guidance. The purpose of the validity date for the prevailing wage determination is to ensure that the prevailing wage determination is reflective of the wages being of fered for comparable positions in the location where the job offer exists at the time that the Form I-140 petitioner recruits the alien worker.

For the purposes of evaluating the validity of the petitioner's proffered wage, be advised that the past practice of allowing a 5 percent variance of the wage actually paid relative to the prevailing wage has been eliminated by the enactment of the H-1B Visa Reform Act of 2004, contained in **Public Law 108-447** . This Act amended the **INA (Section 212(p)(3)** , 8 USC 1182(p)(3)) by specifying that "...the prevailing wage required to be paid pursuant to **212(a)(5)(A)** , **(n)(1)(A)(i)(II)** and **(t)(1)(A)(i)(II)** shall be 100 percent of the wage determined pursuant to those sections." Therefore, for petitions filed after March 28, 2005, the prevailing wage to be paid must be no less than 100 percent of the prevailing wage determination.

Labor Application Notice: In order to comply with 20 CFR 656.10(d), the petitioner must give notice of the filing of the Application for Permanent Employment Certification and be able to document that notice was provided to either:

1.    The bargaining representative(s) (if any) of the employer's employees in the occupational classification for which certification of the job opportunity is sought in the employer's location(s) in the area of intended employment, (documentation of this may consist of a copy of the letter that was sent to the bargaining representative(s) and a copy of the Application for Permanent Employment), or

2.    If there is no such bargaining representative, by posted notice to the employer's employees at the facility or physical location of the employment. Such notice:

· must be posted for at least 10 consecutive business days (Monday through Friday, regardless of whether the facility operates seven days a week);

· must be clearly visible and unobstructed while posted; and

· must be posted in conspicuous places within the location of the job where the employer's U.S. workers can readily read the posted notice on their way to or from their place of employment.

The documentation requirement in support of the I-140 petition may be satisfied by providing a copy of the posted notice and an attestation executed by an authorized official of the employer that identifies the physical location(s) where the notice was posted and the date of publishing.

PERM rules also require that the employer publish the notice in all in-house media, whether electronic or print, that the employer normally uses to announce similar positions within the employer's organization. The Form I-140 petition for Schedule A must include the employer's attestation of such in-house publication. The attestation may be, but need not be, provided in the same document as the proof of worksite posting.

The notice must state that it is being provided as a result of the filing of a petition for the relevant position. (The DOL regulations refer to an application for labor certification, which technically is also filed, and notices referring to a labor certification application to DOL rather than a petition to USCIS are equally acceptable). It must also state that any person may provide documentary evidence bearing on the Schedule A labor certification application to the DOL Certifying Officer holding jurisdiction over the location of the proposed employment. (At one point, USCIS guidance reflected that the notice should drive complaints to USCIS; thus, such notices should be accepted as sufficient).

Pursuant to **20 CFR 656.10(d)(3)(iv)** , such notice must be posted between 30 days and 180 days prior to the filing of the Form I-140 petition . The last day of the posting must fall at least 30 days prior to filing in order to provide sufficient time for interested persons to submit, if they so choose, documentary evidence bearing on the application. Adjudicators should deny the Form I-140 and any concurrently filed I-485 in instances where the notice was not posted between 30 and 180 days prior to the filing of the petition.

35

(C)     Special Considerations For All Schedule A Petitions :


(i)     Household Workers


In the case of a private household, notice is required only if the household employs one or more U.S. workers at the time the application for labor certification is filed.


(ii)     Minimum Requirements


Remember that qualifying for Schedule A means only that the labor certification requirement has been met. You must make a separate determination on the alien's qualification for the specific visa classification requested using the evidence described above. The "minimum requirements" in Schedule A cases as listed in Item **14 and 15 of Part A of the ETA-750** for petitions filed before March 28, 2005 and in **Item H of the ETA-9089** for petitions filed on or after March 28, 2005 may not be a true reflection of the actual education, training and experience needed to perform the job. In many cases a Schedule A petitioner will give the particular alien's qualifications rather than actual minimum requirements, and, because the labor certification form is sent directly to USCIS, this will not be reviewed first by DOL and corrected through DOL involvement. This point is important because many classifications require that the petitioner est ablish that the position requires a person of a particular caliber. As long as the *duties* shown on the labor certification application are appropriate for a position that requires licensure as a registered nurse, licensure as a physical therapist or performance of a worker of exceptional ability, the petition should not be denied and a request for evidence need not be sent to confirm the precise minimum job requirements.


(iii)     Separate Posted Notices for Every Occupation or Job Classification


A separate notice must be posted for every *occupation or job classification* that will be the subject of a Schedule A petition, but not for every nurse or physical therapist Schedule A petition. Thus, for example, separate notices would be posted for an attending nurse and a supervisory nurse (i.e., nurses having different job duties and wage rates). An employer can satisfy notice of filing requirements with respect to several nurses in each of these job classifications with a single posting, as long as the posting complies with the regulation for each application (e.g., contains the appropriate prevailing wage and was posted for the requisite period of time).


(iv)     Posting and Prevailing Wage Locations .


All Schedule A petitions must each meet specific notice of posting requirements which are described below. Effective February 15, 2006, the location of the intended employment for notification purposes will be determined as follows:


*(A)     If the employer knows where the Schedule A employee will be placed:*

The employer must post the notice at the work-site(s) where the employee will perform the work **_and_** publish the notice internally using in-house media--whether electronic or print--in accordance with the normal internal procedures used by the employer to notify its employees of employment opportunities in the occupation in question. The prevailing wage indicated in the notice will be the wage applicable to the area of intended employment where the worksite is located.

    *(B)   If the employer currently employs relevant workers at multiple locations and does not know where the Schedule A employee will be placed:*

The employer must post the notice at the work-site(s) of **_all_** of its locations or clients (i.e., clients under contract to the staffing employer at the time the employer seeks to post a timely notice of filing for a Schedule A employee) where relevant workers currently are placed, **_and_** publish the notice of filing internally using electronic and print media according to the normal internal procedures used by the employer to notify its employees of employment opportunities in the occupation in question. The prevailing wage will be derived from the area of the staffing agencies' headquarters.

    *(C)   If the work-site(s) is unknown and the employer has no current locations or clients:*

The application would be denied based on the fact that this circumstance indicates no *bona-fide* job opportunity exists. The employer cannot establish an actual job opportunity under this circumstance. A denial is consistent with established policy in other foreign labor certification programs where certification is not granted for jobs that do not exist at the time of application.

In support of the petition, the employer may provide a copy of one posting notice, supported by a list of all locations where the notice was posted and dates of posting in each location, rather than a copy of each notice in support of the petition.

**Exception:** If, on March 20, 2006, the I-140 is pending or was denied and a timely filed motion to reopen or reconsider is pending, and the employer timely posted a notice but not in correct location(s) of intended employment as described above, adjudicators should issue an RFE to allow the employer to comply with DOL's notification requirements. If all posting requirements are met and the notice has been posted the requisite 10 business days prior to the date of the RFE response, the posting will be considered timel y for adjudication purposes. For all petitions filed after March 20, 2006 (or motions to reopen filed after March 20, 2006 , to reopen a petition that was filed and denied after March 28, 2005), employers must comply with the posting requirements set forth above.

    (v)   <u>Sample Notice of Posting</u> .

There is no specific form that petitioning employers must use to comply with the notice of posting requirements for Schedule A petitions. The following is a <u>sample</u> notice of posting which petitioners may elect to use for their posting notices. USCIS worked with DOL to develop the sample as a customer service convenience.

Adjudicators should accept posting notices that are modeled after the sample, but should not require use of the sample. Petitioning employers may use other forms as long as they comply with the DOL regulations. Petitions already approved should not be reopened and revoked for failure to comply with posting requirements.

---

**SAMPLE NOTICE OF FILING OF APPLICATION UNDER THE U.S. DEPARTMENT OF LABOR'S PERMANENT LABOR CERTIFICATION PROGRAM**

An application concerning the employment of one or more alien workers for the following permanent position will be filed with the Department of Labor (for non-schedule A positions) or with the Department of Homeland Security (for Schedule A positions). This Notice of Filing will be posted for 10 consecutive business days, ending between 30 and 180 days before filing the permanent labor certification application.

**POSITION TITLE:** _____

**POSITION DUTIES:** _____

_____

_____

**RATE OF PAY:**   $_____ per _____

The employer will pay or exceed the prevailing wage, as determined by the U.S. Department of Labor

**LOCATION OF EMPLOYMENT:** _____

This notice is provided in compliance with 20 CFR 656.10(d). Any person may provide documentary evidence bearing on the application to the Certifying Officer of the U.S. Department of Labor holding jurisdiction over the location of the proposed employment. Contact information for these offices can be found on the Internet at www.foreignlaborcert.doleta.gov/foreign/contacts.asp.

This notice is being provided to workers in the place of intended employment by the following means:

Posting a clearly visible and unobstructed notice, for at least ten (10) consecutive business days, in conspicuous location(s) in the workplace, where the employer's U.S. workers can readily read the posted notice, including but not limited to locations in the immediate vicinity of the wage and hour notices.

**AND**

Publishing the notice in any and all in-house media, whether electronic or printed, in accordance with the normal procedures used for the recruitment of similar positions in the employer's organization.

**DATE POSTED:** _____

**DATE REMOVED:** _____

LOCATIONS WHERE THE NOTICE WAS POSTED: _____

MEANS OF IN-HOUSE NOTICE, if applicable:    _____

EXPLANATION OF ANY LACK OF IN-HOUSE NOTICE:    _____

_____

_____

I attest, under penalty of perjury, that the above notice was provided as shown.


_____    _____
**[PRINTED NAME AND TITLE]**    **[SIGNATURE]**
**DATE:** _____
*************************

(5) Successor in Interest .


On March 17, 1992, the Agency entered into an agreement with the DOL that the Agency (now USCIS) will make determinations regarding successor in interest on I-140s when a labor certification has already been issued. Successor in interest occurs when the prospective employer of an alien (and the entity that filed the certified labor certification application form) has undergone a change in ownership, such as an acquisition or merger, or some other form of change such as corporate restructuring or merger with another business entity, and the new or merged, or restructured entity assumes substantially all of the rights, duties, obligations, and assets of the original entity. The petitioner must submit evidence of the change in ownership, the restructuring of the organization, or merger (usually by the submission of a contract or agreement). The petitioner must also submit evidence that the predecessor company had the ability to pay the wage at the time the application for labor certification was filed and, of course, that the successor company continues to have that ability.


Some corporate changes that occur may not involve a successor in interest. For example, a mere change in a Company's name or physical location without other organizational changes might not require the filing of a new or amended petition. However, when the physical location of proposed employment appears to have moved beyond the metropolitan statistical area (MSA) of the employment location specified on the labor certification application, if necessary, you may request advice from the Employment and Training Administration regarding the application of the definition of "area of intended employment" for purposes of continued validity of an approved labor certification.


The submission of a new original labor certification in support of the Form I-140 petition is required when any of the following conditions exist:


(a) The petitioner has not established that it i s a successor in interest ;



## THE UNITED STATES OF AMERICA

| | |
|---|---|
| **RECEIPT NUMBER** LIN-08-230-51615 | **CASE TYPE** I290B NOTICE OF APPEAL TO THE COMMISSIONER |
| **RECEIVED DATE** August 15, 2008 | **PRIORITY DATE** | **PETITIONER** UNIV CHICAGO DEPT ORGANISMAL |
| **NOTICE DATE** August 15, 2008 | **PAGE** 1 of 1 | **BENEFICIARY** A089 591 412 MARLER, SEOAN |

UNIV CHICAGO DEPT ORGANISMAL
C/O JAN RAMIREZ
1027 E 57TH STREET APT A107
CHICAGO IL 60637

**Notice Type:**   Receipt Notice

Amount received: $  585.00

**Receipt Notice**- This notice confirms that USCIS received your application or petition ("this case") as shown above. **If any of the above information is incorrect, please immediately call 800-375-5283 to let us know.** This will help avoid future problems.

This notice does not grant any immigration status or benefit. It is not even evidence that this case is still pending. It only shows that the application or petition was filed on the date shown.

**Processing time** - Processing times vary by kind of case. You can check our website at www.uscis.gov for our current "processing times" for this kind of case at the particular office to which this case is or becomes assigned. On our websites "case status online" page, you can also view status or sign up to receive free e-mail updates as we complete key processing steps on this case. During most of the time this case is pending, however, our systems will show only that the case has been received, and the processing status will not have changed, because we will be working on other cases that were filed earlier than this one. We will notify you by mail, and show in our systems, when we make a decision on this case or if we need something from you. If you do not receive an initial decision or update from us within our current processing time, check our website or call 800-375-5283. Please save this notice, and any other notice we send you about this case, and please make and keep a copy of any papers you send us by any means, along with any proof of delivery to us. Please have all these papers with you if you contact us about this case.

**If this case is an I-130 Petition** - Filing and approval of a Form I-130, Petition for Alien Relative, is only the first step in helping a relative immigrate to the United States. The beneficiaries of a petition must wait until a visa number is available before they can take the next step to apply for an immigrant visa or adjustment of status to lawful permanent residence. To best allocate resources, USCIS may wait to process forms I-130 until closer to the time when a visa number will become available, which may be years after the petition was filed. Nevertheless, USCIS processes forms I-130 in time not to delay relatives ability to take the next step toward permanent residence once a visa number does become available. If, before final action on the petition, you decide to withdraw your petition, your family relationship with the beneficiary ends, or you become a U.S. citizen, call 800-375-5283.

**Applications requiring biometrics**- In some types of cases USCIS requires biometrics. In such cases, USCIS will send you a SEPARATE appointment notice with a specific date, time and place for you to go to a USCIS Application Support Center (ASC) for biometrics processing. You must WAIT for that separate appointment notice and take it (NOT this receipt notice) to your ASC appointment along with your photo identification. Acceptable kinds of photo identification are: a passport or national photo identification issued by your country, a drivers license, a military photo identification, or a state-issued photo identification card. If you receive more than one ASC appointment notice, even for different cases, take them both to the first appointment.

**If your address changes**- If your mailing address changes while your case is pending, call 800-375-5283 or use the "Online Change of Address" function on our website. Otherwise, you might not receive notice of our action on this case.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
NEBRASKA SERVICE CENTER
U. S. CITIZENSHIP & IMMIG SERVICE
P.O. BOX 82521
LINCOLN NE 68501-2521
**Customer Service Telephone: 800-375-5283**





# USCIS Instructs on Postings for Schedule A Applications

Cite as "AILA InfoNet Doc. No. 04122864 (posted Dec. 28, 2004)"

USCIS's Service Center Operations section (SCOPS) has advised AILA's SCOPS Liaison Chair, Greg Adams, that the service centers have been instructed to issue Notices of Intent to Deny (NOIDs) if a Schedule A application is missing evidence of compliance with the posting/union notification requirement contained in DOL regulations. However, the petitioner need only provide evidence of compliance with the posting/notification requirement as of the date of the response to the NOID, not the filing date of the I-140.

This reverses the practice of some service centers, which had been to deny the application if the posting/notification was not completed as of the date the I-140 was filed.

The memo containing this instruction will be placed on InfoNet when USCIS provides it for posting.

Copyright © 1993–2008, American Immigration Lawyers Association.
Suite 300, 1331 G Street, NW, Washington, DC 20005
Copyright & Reprint Policy

27

8/14/2008 2:26 PM